CHEATHAM VS. ROBERTS.

Where incompetent evidence is not objected to, either when offered, or by motion to exclude it, but is presented for the first time as one of the causes on a motion for new trial, the party merely appeals to the discretion of the court for a favor to be extended to him, and its refusal is not an error of law.

*Appeal from Desha Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

FAUST, for the appellant.

FARRELLY & FINLEY, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Roberts brought an action of assumpsit against Cheatham, on an account for about one hundred and eighty-six dollars, of which nearly all was charged for money advanced to steamboats for freight and charges upon goods left for Cheatham upon the wharf-boat of Roberts; but an item of fifteen dollars was charged for storing the merchandize on which advances had been made, and for storing other merchandize. It did not appear in proof, on

the trial, that any other merchandise than that on which advances had been made, had been stored by Roberts, whence it is argued that there is a want of evidence to sustain the charge for storage ; but the proof was, that it was worth fifteen dollars to store the goods mentioned in the account.

The only witness, who testified in the case, had personal knowledge of the correctness of the charges, except of the items charged from the 9th of June to the 4th of September, 1856, and these he supposed to be correct, as he had seen the steamboat receipts to Roberts for the amounts charged. This evidence was received by the court sitting as a jury without objection from the defendant. If the testimony had been resisted as incompetent, either when offered, or upon motion to exclude it after it was given, the court would doubtless have sustained the objection to its admissibility, or would have disregarded it at the request of the defendant, as on a motion to exclude, had the trial been by a jury ; or, on the motion of the defendant, the court might have declared it as law that the evidence was not to be considered. But when the evidence was before the court sitting as a jury, we cannot say that the court ought not to have taken it into consideration in its finding, any more than we could say a jury should not consider it in making their verdict. In either case, it belongs to the tribunal of fact to judge as it may from the facts proved. When the defendant raised the question upon the legal character of this evidence, for the first time, in his motion for a new trial, he did not present any point of law for adjudication, but only appealed to the discretion of the court for a favor to be extended to him; and its refusal was not an error of law.

The judgment is affirmed.