EDWARD D. BARKER *vs.* WILLIAM R. TODD and others.

October 28, 1887.

**Appeal—Exceptions taken too Late.**—Exceptions to instructions given by the trial court to a jury in a cause, made after trial and verdict, are ineffectual, and are not available on a motion for a new trial or upon appeal

**Same—Sufficiency of Evidence.**—The objection in this case that the evidence is insufficient to support the verdict should have been made in the first instance in the trial court.

Appeal by defendants from an order of the district court for Dakota county, refusing a new trial, after a trial before *Crosby*, J., and verdict for plaintiff.

*Hodgson & Schaller*, for appellants.

*Leon T. Chamberlain* and *M. L. Countryman*, for respondent.

VANDERBURGH, J    The first, second, and third assignments of error embrace objections to certain instructions to the jury. But no exceptions were taken at the trial to any portions of the charge of the court. It appears from the settled case that the exceptions now relied on were made after verdict, upon the motion for a new trial, and were then noted, allowed, and considered by the court. But such exceptions were then too late, and are ineffectual for any purpose. The defendant must be deemed to have acquiesced in the charge as given, by failing to object and call the attention of the court to the objectionable portions of the charge in time to enable it to reconsider, explain, or correct them before the trial was completed. *Roehl* v. *Baasen*, 8 Minn. 9, (26, 33;) *Wilson* v. *Minn., etc., Ins. Ass'n*, 36 Minn. 112, (30 N. W. Rep. 401.) The motion was denied, and plaintiff cannot complain of the decision thereof, though the exceptions were improperly allowed. But since they are nugatory, they cannot be insisted on by the defendant here, as ground for granting a new trial.

The fourth and last assignment of error is that the verdict is not sustained by the evidence. But this point was not considered by the trial court on the motion for a new trial, and does not appear to have

been made. It cannot be urged for the first time in this court. *Byrne v. Minn. & St. Louis Ry. Co.,* 29 Minn. 200, (12 N. W. Rep. 698.)

Order affirmed.