NICHOLAS P. VALERIUS vs. TEDY RICHARD et al.

Argued April 23, 1894. Reversed June 12, 1894.

No. 8577.

New trial for errors of law not excepted to.

In civil actions the power of the trial courts to grant new trials is limited to the grounds specified and prescribed in 1878, G. S. ch. 66, § 253. It follows that for errors of law occurring upon the trial, but not excepted to, a new trial cannot be granted. Canty, J., dissenting.

Appeal by Tedy Richard, Louis Berry and fourteen others, defendants, from an order of the District Court of Polk County, *Ira B. Mills*, J., made December 27, 1892, granting the plaintiff, Nicholas P. Valerius, a new trial after verdict for defendants.

The plaintiff, Nicholas P. Valerius, brought this action upon a promissory note made by the defendants November 28, 1890, by which they promised to pay Kingsland Bros. or order $2,000 in installments, $500 in one year, $700 in two years and $800 in three

years thereafter, with interest annually at the rate of eight per cent per annum. Plaintiff alleged that he bought the note in good faith for value and that it was indorsed to him before the first installment fell due, that the $500 and one year's interest on the whole have fallen due and remain unpaid and he asked judgment for the same. The defendants by answer denied that they made the note and denied each and every other allegation of the complaint.

On the trial May 28, 1892, the defendants gave evidence tending to show that an agent of Kingsland Bros. proposed to them that they form a corporation and each take stock therein and that the corporation buy a stallion of Kingsland Bros. for $2,000, that defendants each thereupon signed some paper which the agent represented was an agreement to take stock. They did not dispute their signatures to the note but testified that no promise to pay money was on the paper when they signed it. The Judge charged the jury among other matters as follows, viz:

"If you find from the testimony that the note was printed on the paper but was covered over by another paper when defendants signed it they would not be liable."

No exception was taken to this part of the charge nor was there any suggestion at the trial that it was erroneous. The jury returned a verdict for defendants. The plaintiff moved for a new trial on the grounds;

1st. That the verdict is not justified by the evidence and is contrary to law.

2nd. Errors in law occurring on the trial and excepted to by plaintiff.

The Judge granted the motion and in a note attached to the order stated that he did so because of the charge above quoted. That the charge was erroneous for the reason that no evidence was given that would warrant such a finding by the jury. The defendants appeal from this order.

*Wm. Watts*, for appellants.

The settled case containing all the evidence in this action is voluminous. A certified copy of it is returned and filed with the Clerk of this Court, but no part of the evidence is printed in the paper

book. To save cost of printing we rest this appeal on the point that no exception was taken to the part of the charge to the jury now claimed to be erroneous. By not excepting the plaintiff waived the error. *Porter* v. *Chandler*, 27 Minn. 301; *Barker* v. *Todd*, 37 Minn. 370.

*Montague & Bucklen,* for respondent.

The order granting a new trial should not be reversed if there be any ground on which it can be sustained. Appellants have not seen fit to print all of the record so that this court can determine whether or not the order can be sustained on other grounds. The plaintiff made a motion before the trial court for a new trial. It was granted. He was given all he asked for. There is no reason why he should appeal from an order in his favor. If appellants are aggrieved by the order it is incumbent on them in this appeal to make it appear to this court that the order cannot be justified on the case taken as a whole, and not merely that the trial court was wrong in the reason assigned for the order. The settled case, not printed, shows that the order was the proper one to be made. The only assignment of error specified by defendants is that the reason given for making the order cannot be upheld.

COLLINS, J. At the trial of this cause, at the request of defendants' counsel, the court plainly charged the jury that, if they found a certain fact from the evidence, the defendants could not be held liable upon the note in suit. To this, counsel for plaintiff took no exception, nor was there even a suggestion that it was erroneous. The verdict being for defendants, a motion to set it aside, and for a new trial, was made by plaintiff's attorneys, on two grounds,— those specified in 1878, G. S. ch. 66, § 253, subd. 5th and 7th. Subsequently, and, as stated by the court in its order, solely because there was no evidence which warranted that part of the charge referred to above, plaintiff's motion was granted.

The phrase "contrary to law," as used in the fifth subdivision, means "contrary to the instructions." To obtain a new trial upon that ground, it must be made to appear that there was an instruction which was disregarded. It is not enough that a principle of law not embodied in an instruction was disregarded by the jury.

Hayne, New Trials, § 99; Hill. New Trials (2d Ed.) 123, 486, and cases cited.

It is apparent that the order cannot be sustained upon the second ground (seventh subdivision), that there was "error in law occurring at the trial, and excepted to by the party making the application;" for, conceding the charge to have been erroneous, plaintiff's counsel took no exception to it.

A majority of the court are of the opinion that upon the authority of *Porter* v. *Chandler*, 27 Minn. 301, (7 N. W. 142;) *Barker* v. *Todd*, 37 Minn. 370, (34 N. W. 895;) *Bergh* v. *Sloan*, 53 Minn. 116, (54 N. W. 943,) and cases cited,—the order should be reversed; but it has been suggested that when the court has misstated the law in its charge, or has stated propositions of law not applicable to the case, and is of the opinion that the jury was misled thereby, it has the discretion to grant a new trial, although no exception was taken. We admit that to have been the rule at common law. So the question is, has the rule been changed by statute? And it is hardly necessary to say that decisions in the courts of other states, upon statutes distinctly different from our own, cannot be regarded as applicable. Such, we think, is the case of *Emmerich* v. *Hefferan*, 33 Hun, 54, in which it was held that section 999, Code Civ. Proc. N. Y., had not declared that the court, at the trial, could not interpose in other cases than those mentioned, and order a new trial, when it might appear to be proper.

Again, by section 1317 of the same Code, it is provided that, on an appeal from a judgment or an order, the court at the general term to which an appeal is taken may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate order which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties, and it may, if necessary or proper, grant a new trial or hearing. Under this provision, unlike anything to be found in our statute, it has been held that on review at the general term the want of an exception at the trial was not necessarily fatal, but that the general term might, in its discretion, reverse for error not saved by exception, because, strictly speaking, it was not exercising appellate jurisdiction. It had all of the discretionary powers of the trial court. See *Mandeville* v. *Marvin*,

30 Hun, 282, and cases cited in Baylies, New Trial & App. 125. We fail to see that a construction of sections 999 and 1317 of the New York Code is in point here.

It has also been suggested that the court below had authority to grant a new trial for errors of law occurring at the trial, and not excepted to, under the first subdivision of section 253, supra, namely, "Irregularity in the proceedings of the court, jury, referee or prevailing party or any order of the court or referee or abuse of discretion by which the moving party was prevented from having a fair trial." Unfortunately for this contention, the parties making the application in the present case failed to specify the first subdivision as a ground for a new trial, but, as before stated, contented themselves with the grounds covered by subdivisions 5 and 7. Again, if there was anything in this position, we should have a motion for a new trial for errors of law occurring at the trial, but not excepted to, based wholly upon affidavits; for section 254 expressly provides that when the motion is made for any other cause than those mentioned in the fourth, fifth, and seventh subdivisions of section 253, it must be made upon affidavit. An "irregularity" of the court is not an error of law, by any means. Errors in law occur only when there are rulings made on questions of law; and it is very evident that no error of law in giving or refusing instructions can be reviewed, as an "irregularity" of the court, under the first subdivision. Hayne, New Trials, 29, 100.

The majority are of the opinion that, in civil actions, the power of the court to grant new trials is limited to the grounds prescribed in section 253, and that new trials for errors of law can only be granted when an exception has been taken. The statutory grounds for new trials are exclusive. Practically, this has oftentimes been held in this court, especially when considering motions made upon the ground that errors of law had occurred upon the trial, as witness the Minnesota cases before referred to. To permit a defeated party to have the benefit of an error of law not excepted to would be giving to him a great advantage; and here we are asked to go further, and allow to a party who made no objection to the giving of the erroneous instruction, and thereby actually acquiesced in its pertinency and correctness, the benefit of the error. Manifest injustice would be the result, for, had even a

suggestion been made that the court was not justified in this part of the charge, we have no doubt prompt correction would have followed. Our construction of the statute has been placed upon others substantially the same. See Hayne, New Trials, ch. 1, § 7; Id. ch. 16.

Order reversed.

BUCK, J., absent, sick, took no part.

CANTY, J. I dissent. Where the trial court has misstated the law in his charge, or charged propositions of law not applicable to the case, and he is of the opinion that in fact the jury was misled thereby, it is in his discretion to grant a new trial, though no exception was taken, if, in his opinion, the taking of an exception would not have caused him to change his mind in time to obviate the mistake. In such a case the losing party has no standing at all, as a matter of right. It is merely an application for equitable relief, addressed peculiarly to the discretion of the trial court.

In New York this is carried so far as to hold that, on review at the general term of the rulings of the judge at the trial, the want of an exception is not necessarily fatal, but the general term may, in its discretion, reverse for error not saved by exception, on the ground that it is not, strictly speaking, exercising appellate jurisdiction, but has all the discretionary powers of the trial court. Baylies, New Trials & App. 125; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506; *Mandeville* v. *Marvin*, 30 Hun, 282; *Maier* v. *Homan*, 4 Daly, 168; *Lattimer* v. *Hill*, 8 Hun, 171; *Ackart* v. *Lansing*, 6 Hun, 476.

It is also in the discretion of the trial court to allow an exception after the jury has retired. *St. John* v. *Kidd*, 26 Cal. 267. If he has power to allow an exception after the proper time to take it, he has power to consider it taken for the purpose of a new trial.

This ground for new trial does not come under 1878, G. S. ch. 66, § 253, subd. 7, "Error in law occurring at the trial and excepted to by the party making the application," but under the first subdivision of that section, "Irregularity in the proceedings of the court, jury, referee or prevailing party or any order of the court or referee or

abuse of discretion by which the moving party was prevented from having a fair trial."

The discretionary power exercised by the court below in this case is one which a trial court, having due regard for the rights of the prevailing party will seldom exercise. It is only when he is satisfied that in fact the particular mistake produced a wrong result and that the failure to except did not prejudice the prevailing party and where he is satisfied that his rulings would have been the same, and that nothing would have been done by him or the prevailing party in time to obviate the mistake even if an exception had been taken. Even viewed by this strict rule I cannot see that the order granting a new trial was an abuse of discretion, and hold that the order appealed from should be affirmed.

Since the above was written the majority opinion has been rewritten. It is now admitted that at common law it was in the discretion of the trial court to grant a new trial for errors to which no exception was taken, but it is insisted that by the adoption of the Code this discretionary power has been cut off. It has seldom before been held that the discretionary power of a trial court of general jurisdiction has been cut off by the Code. The Code is a mere skeleton, and much of it merely declaratory of the common law. Especially is this true as to its provisions regulating practice. We do not look to it for the discretionary powers of the District Court, as we do to the justice of the peace practice act for the discretionary power of that court. On the contrary, it is not unusual to look to the great sources of authority on common law and equity practice to ascertain what the discretionary powers of our District Court are.

The point is also now made for the first time that the motion for a new trial was not made on the grounds stated in the first subdivision of section 253, but on those stated in the fifth and seventh subdivisions. As to this I will say many able judges, in times past, have often set aside verdicts on their own motion, even before the ink was dry on them, and without any motion or grounds of motion being made or stated by the party at all; and the right to do so has hardly been questioned. At common law the trial court had the power to grant a new trial, no matter how informal the application for it might be, or how much the moving party had waived his technical rights by failing to take the proper exception, or to put the proper

v.57 m.—29

grounds, or any grounds at all, in his motion. When, as in the present case, a formal motion for a new trial is made, stating the grounds, it will not be presumed that it was granted on any grounds except those stated. It must affirmatively appear that it was granted on some other grounds, which it does in this case. It is a new doctrine that a trial court of general jurisdiction has no discretion to brush aside technical informalities, and prevent injustice, by granting a new trial. It has always been held that it is in the discretion of the trial court to see that injustice was not done during the progress of a trial, or afterwards, before the entry of judgment, either through its own mistakes, or the technical laches of the attorney. To sustain the position of the majority, Hayne, New Trial, is cited several times. This work is devoted exclusively to the practice as established by the California Code and decisions, rarely citing any other cases. He cites no case which sustains their position. They cite none, and I am able to find none. On the contrary, the authorities in the Code states agree with the common law on this question. Thus, in *Farr* v. *Fuller*, 8 Iowa, 347, the trial court granted a new trial for errors in its charge, not excepted to. The supreme court held it was discretionary. As in this case, the evidence was not returned on appeal, and the appellant claimed that no error appeared in the charge; but the supreme court held that, in favor of the order granting a new trial, it would be presumed that, as applied to the evidence, the charge was erroneous. It is also held in *Cheatham* v. *Roberts*, 23 Ark. 651, that it is in the discretion of the trial court to grant a new trial for error not excepted to.

The point is also now made that section 254 provides that when the motion for a new trial is made on the fourth, fifth, and seventh subdivisions of section 253, "it is made either on a bill of exceptions or a statement of the case prepared as prescribed in the next section, for any other cause it is made on affidavit," and that, therefore, this by necessary implication cuts off the common-law practice, under which the court often acted on its own knowledge of what took place in its presence during the trial, and granted or denied a new trial without regard to whether or not such knowledge was either supported or contradicted by any such affidavits. If this was purely a statutory proceeding, the position of the majority would be correct, but it is not a mere statutory proceeding. The provision that in some cases

a motion for a new trial shall be made on a case or bill of exceptions, and in others on affidavit, is simply declaratory of the common law. Such statutes do not cut off other common-law remedies, unless such other remedies are expressly prohibited. Thus, on the principles laid down by the majority, title 11 of chapter 66, prescribing the practice on application for injunction, and providing only for the temporary writ and the permanent writ, would, by necessary implication, cut off the old equity power to issue a restraining order pending the motion, but the contrary practice is well established in this state. On the same principle, on an appeal from the clerk on taxation of costs under 1878 G. S. ch. 67, § 8, the judge who tried the case could not look into the proceedings on the trial, or beyond the affidavits used on the taxation. But the contrary practice is well established. The judge practically disregards the affidavits on the question of materiality when the witnesses were sworn, and acts on his own knowledge of the proceedings had and testimony given on the trial, just as he did at common law. It is unnecessary to multiply illustrations. The judge who tried the case is not bound, by virtue of the statute, to know as little about the case after trial as the average juror is required to know before it. He is not obliged to stultify himself, and know nothing of what he saw or heard on the trial, except what the parties see fit to state to him in affidavits.

But the judge's powers and the applicant's rights are, in this respect, very different questions. The moving party not only fails to save his rights for review in the appellate court, by failing to make them appear of record, and to cover them in his grounds of motion, but he also runs the risk of having his motion denied on technical grounds, merely, by the trial court, which it usually will and ought to do. But notwithstanding this, in furtherance of justice, the trial court may relieve him from his laches, by giving him something which he asked for, but was not in a position to demand as of right. And when it affirmatively appears that the court, in granting him a new trial, has, in furtherance of justice, intentionally relieved him from his technical laches and omissions, it is merely a question whether or not, on common-law principles, it has abused its discretion. In this case it seems to me that it has not.

(Opinion published 59 N. W. 534.)