AMERICAN ENGINE COMPANY v. DANIEL D. CROWLEY and Others.

COLUMBIA INCANDESCENT LAMP COMPANY v. DANIEL D. CROWLEY and Others.[1]

July 31, 1908.

Nos. 15,712—(126).

**Motion to Dismiss Garnishment—R. L. 1905, Section 4064.**

Garnishment proceedings were duly commenced by plaintiffs, in which the garnishee disclosed that it was in the possession and control of certain money, the ownership of which was in dispute. Thereafter supplemental complaints were filed by each plaintiff, in which it was alleged, among other things, that the money belonged to defendant in the action. Defendant answered, disclaiming ownership, and alleging that the money belonged to a third person, who subsequently intervened in the action and asserted sole ownership. Thereafter plaintiffs commenced supplementary proceedings, after the return of an execution unsatisfied, in which a receiver was appointed of all the property and effects of defendant, with the usual power and authority to recover, take possession of, and convert the same into money for the purpose of satisfying plaintiffs' judgments. When the issues presented in the garnishment proceedings came on for trial, defendant and the intervener moved to dismiss the proceedings, for the reason that by the appointment of the receiver the right to maintain the same passed from plaintiffs to the receiver, and that the latter had the sole right to litigate the question of defendant's ownership of the money. *Held*, that the motion was properly denied. Defendant's remedy was by motion for substitution under R. L. 1905, § 4064.

**Evidence.**

Evidence *held* sufficient to sustain the verdict of the jury to the effect that defendant, and not the intervener, was in fact the owner of certain money in the hands of the garnishee, and, further, that the record presents no reversible error, either in the admission or exclusion of evidence, or in the instructions or refusals to instruct the jury.

**Assignments of Error—Exceptions.**

Assignments of error in this court challenging the correctness of the rulings of the trial court do not answer the purpose of exceptions authorized to be taken on a motion for a new trial by section 4200, R. L. 1905, and, when not based upon exceptions taken either at the trial or by motion for a new trial, will not be considered.

[1] Reported in 117 N. W. 428.

In actions in the district court for St. Louis county supplemental complaints were filed to recover judgments for $1,475.52 and $145.35, respectively, against the City National Bank of Duluth, the garnishee in these proceedings. Crowley Electric Company filed an intervening complaint. The other facts are stated in the opinion. The cases were consolidated and tried before Cant, J., and a jury which rendered a verdict in favor of plaintiff American Engine Company for $1,637.12 and in favor of plaintiff Columbia Incandescent Lamp Company for $164.15. From the judgments entered pursuant to such verdicts, defendants and intervener appealed. Affirmed.

The language of counsel referred to at the end of the opinion and excepted to on the trial was as follows: "He can lie as readily as he can change his clothes. A man who is looked down upon with distrust and suspicion by every one with whom he does business."

*Warner E. Whipple,* for appellants.

*Reynolds & McClearn,* for respondents.

BROWN, J.

In 1905 plaintiff Columbia Incandescent Lamp Company, a corporation, recovered a judgment in the district court of St. Louis county against Daniel D. Crowley and another, doing business as the Crowley Electric Company, for the sum of $145.35. In 1906 plaintiff American Engine Company, a corporation, recovered a judgment against Daniel D. Crowley, the same person above mentioned, and others, copartners as the Crowley Electric Company, for the sum of $1,475.52. Executions were subsequently issued upon each judgment and returned by the sheriff unsatisfied. In 1907 garnishment proceedings were instituted in both actions, with the City National Bank of Duluth as garnishee. Upon the return day the garnishee appeared and disclosed that it had in its possession several thousand dollars belonging either to Daniel D. Crowley, defendant, or to the Chisholm Light & Power Company, a corporation. The officers of the garnishee were not certain as to the ownership of the money.

Plaintiffs then applied to the court for leave to file supplemental complaints for the purpose of litigating and determining the true ownership of the money. Leave was duly granted, and complaints were filed, in which, among other things, it was alleged that the money was

the property of defendant Crowley. Thereupon the Crowley Electric Company, a corporation, intervened in the action, alleging that the money belonged to it, and that defendant Crowley, of the Chisholm Light & Power Company, had no interest therein. The Chisholm Light & Power Company, and defendant Crowley also, answered, disclaiming ownership of the money, and alleging that it belonged to the Crowley Electric Company, a corporation.

The actions were consolidated when called for trial, and the issue respecting the ownership of the fund in the hands of the garnishee thus raised was submitted to the jury. A verdict was returned for plaintiff in each action, upon which judgment was rendered, and the intervener, Crowley Electric Company, and defendants, appealed. Several questions are presented by the assignments of error, which will be considered in the order given in the brief of appellants.

1. It appears that subsequent to the commencement of the garnishment proceedings, and after the joining of issue by the supplemental pleadings therein, plaintiffs instituted supplementary proceedings, in which defendant Crowley appeared and made disclosure concerning property owned by him not exempt from execution, at the conclusion of which the court made an order appointing a receiver of all his property and effects, with the usual power to take possession of and convert the same into money and pay and discharge therewith plaintiffs' judgments. The receiver duly qualified and entered upon the discharge of his duties. At the opening of the trial here under review defendants and the intervener moved the court to dismiss the action and the garnishment proceedings, for the reason that the appointment of the receiver in the supplementary proceedings vested in him as a matter of law all title and right to the money in question, conceding for the purposes of the motion that it was the property of Crowley, and that he alone could maintain proceedings to recover it. The motion was denied, and the ruling is assigned as error.

The point is without substantial merit. The garnishment proceedings were pending, and the issues therein respecting the ownership of the particular money had been joined by proper pleadings, long before the receiver was appointed or the supplementary proceedings instituted. If the appointment of the receiver changed in any material respect the rights of plaintiffs to continue the garnishment proceed-

ings, the objection was not properly raised. While our statutes re-quire all actions to be prosecuted in the names of the real parties in interest, section 4064, R. L. 1905, provides that an action shall not abate by reason of a transfer of plaintiffs' interest therein if the cause of action survives, and that, where a transfer has taken place pending the action and before trial, his successor may be substituted as a party plaintiff, or the court may allow it to continue in the names of the original parties. This statute applies to the case at bar, and defendants' remedy was by motion for substitution, and not for dismissal. At all events, the order denying the motion to dismiss was in effect an order that the action proceed in the names of the original parties.

Counsel cite authorities in support of the contention that a receiver appointed at the instance of creditors may maintain proceedings to set aside fraudulent conveyances, and that, pending the receivership, creditors, on whose motion the receiver was appointed or for whose benefit he is acting, cannot maintain creditors' suits to recover assets of the debtor. There is no question of the soundness of the proposition affirmed by these authorities. The question, however, is not involved in this case. It appeared in nearly all the cases cited that the receiver was first appointed, in which case there can be little doubt of his prior right to act. In the case at bar the action and garnishment proceedings were pending and at issue when the receiver was appointed in the supplementary proceedings, and the authorities referred to do not, therefore, apply. The subsequent appointment of the receiver amounted at most to a transfer of plaintiffs' interest in the subject-matter in litigation, and the statute above referred to, providing for a substitution, controls the situation.

2. The principal question contested on the trial was the ownership of the money in the hands of the garnishee. Plaintiffs claimed that it in fact belonged to Crowley, while Crowley and the intervener insisted that it belonged to the Crowley Electric Company. This question was submitted to the jury under clear and fair instructions, to which no exceptions were taken. The jury found that Crowley, the judgment debtor, owned the money, and the assignments of error on this branch of the case present the sole question whether the verdict is clearly and palpably against the evidence.

Our examination of the record, quite voluminous, leads to the

conclusion that the verdict should not be disturbed. The evidence shows that Crowley was for some time prior to the dates herein mentioned engaged with different persons under the copartnership name of Crowley Electric Company; and he thereafter was instrumental in the organization of the Chisholm Light & Power, Company, a corporation, and was its principal stockholder. This concern operated an electric light plant at Chisholm from June, 1904, until early in the year 1907, when the plant was sold to other parties for the consideration of about $18,000, and that corporation then ceased to do business and wound up and closed its affairs. The proceeds of the sale of that plant were deposited in the garnishee bank and is the money now in controversy in this action.

It is claimed by defendants that, at the time of the incorporation of the Chisholm Light & Power Company, Crowley was indebted to his wife and his sister-in-law in the aggregate sum of $11,000, and that in payment thereof he assigned and transferred to them certain shares of stock held by him in that corporation, and that by virtue of their ownership thereof they were the principal owners of the proceeds of the sale of the plant, the money here in question. It is further claimed that prior to the garnishment proceedings they assigned their interest in the money to the Crowley Electric Company, a corporation formed by Crowley by changing the name of the Hibbing Water & Light Company, an existing corporation, of which Crowley was president, for stock issued to them by that company, under which it is claimed that title to the money passed to that corporation, intervener herein. The evidence tending to establish the truth of this contention is not so clear or free from doubt as to justify us in overturning the verdict.

The court was requested to charge the jury that if Crowley was in fact indebted to his wife and her sister, and in payment thereof transferred this stock to them, then plaintiffs could not recover. The request was refused, but no exception was then taken, either at the trial or by way of motion for a new trial, and whether the instruction was proper to be given or not is not before the court. But, waiving the want of an exception, we are of opinion that the court fairly submitted the question to the jury in its general instructions.

The evidence shows that Crowley was the moving spirit in the numerous corporations and copartnerships mentioned, and the ques-

tion whether his transfer of the stock to his wife and sister-in-law was in consummation of a bona fide sale thereof in payment of an indebtedness to them, or a scheme to conceal his ownership, covers and includes the question embodied in defendants' special request referred to. The trial did not develop an issue of a sale of property for the purpose of defrauding creditors, but rather Crowley's ownership in fact of the money in question, and no request was made to submit the question of a fraudulent transfer to the jury, other than the one just referred to, and that was insufficient to cover fully that subject. We are not, therefore, concerned with the legal proposition whether a sale of property to defraud existing creditors may be avoided by subsequent creditors. The evidence justified the jury in concluding that the transfer of stock to Crowley's wife and her sister was a mere scheme to conceal his ownership, and that in truth and in fact the title at all times remained in him. Hence the proceeds of the sale of the plant of the Chisholm Light & Power Company belonged to him, and not to the intervener.

3. The Chisholm Light & Power Company, organized by Crowley, succeeded the Crowley Electric Company, a copartnership, also owned and controlled by Crowley, and the indebtedness upon which plaintiffs' judgments were rendered arose from the sale of goods and property to the copartnership. The court charged the jury in this connection that, if the corporation had in its possession at the time of the garnishment proceedings assets which it received from property taken over by it from the copartnership, such assets were subject to the payment of the judgments representing copartnership indebtedness. Appellants assign this instruction as error, citing and relying upon the case of Thorpe v. Pennock Mercantile Co., 99 Minn. 22, 32, 108 N. W. 940. While the evidence clearly distinguishes the two cases, we do not consider the point, for the reason that it is not properly presented. No exception was taken to the charge at the trial, nor on a motion for a new trial (no such motion was made), and the correctness of the charge cannot therefore be considered. Cogan v. Cook, 22 Minn. 137; Barker v. Todd, 37 Minn. 370, 34 N. W. 895; Valerius v. Richard, 57 Minn. 443, 445, 59 N. W. 534. If, in presenting the question, counsel for appellants proceeded on the theory that assignments of error in this court answer the purpose of exceptions permitted to be taken on

a motion for a new trial by section 4200, R. L. 1905, we take occasion, to say that such is not the proper construction of that statute. To entitle a party to review a ruling not formally excepted to on the trial, it must be assigned as error in the court below on motion for a new trial.

4. The other assignments do not require extended mention. We discover no reversible error. The language of counsel for plaintiffs in discussing the case to the jury was not so far foreign to the legitimate argument as to justify reversal.

Judgments affirmed.