## CHARLES W. ARGALL v. SAM SUTOR.[1]

May 19, 1911.

Nos. 17,046—(88).

**Libel — ownership of newspaper — evidence.**

Evidence, in this an action to recover damages for a libel, *held* to sustain a verdict necessarily based on a finding that the defendant was a proprietor and publisher of the paper in which the libelous article appeared.

**Review on appeal of ruling not excepted to on trial.**

To entitle a party to a review on appeal of a ruling of the trial court not formally excepted to on the trial, it must be assigned as error in the court below on motion for a new trial.

**Damages not excessive.**

The verdict herein, as reduced by the trial judge, is warranted by the evidence.

Action in the district court for Cass county against Sam Sutor and E. L. Warren to recover $10,000 for malicious publication of a libelous article in a certain newspaper. The answer denied that defendants were the publishers and proprietors of the newspaper in question and prayed that they be dismissed. The case was tried before McClenahan, J., who directed a verdict in favor of defendant Warren, and a jury which returned a verdict against defendant Sutor for $4,500. From an order denying defendant Sutor's motion for a new trial provided plaintiff consented to a reduction of the verdict to $3,000, he appealed. Affirmed.

[1] Reported in 131 N. W. 466.

*Fryberger & Fulton,* for appellant.

*Marshall A. Spooner* and *Montreville J. Brown,* tor respondent.

SIMPSON, J.

This is an action brought by plaintiff to recover from the defendants, Sutor and Warren, damages for the alleged malicious publication in a newspaper of a libelous article concerning the plaintiff. Upon the trial a verdict was directed in favor of the defendant Warren, and the jury returned a verdict against the defendant Sutor for $4,500. The defendant Sutor, who is referred to hereafter as the defendant, moved for a new trial. This motion was denied. The plaintiff consented to a reduction of the verdict to $3,000. From the order denying his motion for a new trial, the defendant appealed, and in this court urges three propositions, included in his assignments of error, as showing him entitled to a new trial. We will consider separately the three questions so involved.

1. The complaint alleged that the defendant was, at the time of the publication complained of, a proprietor and publisher of the Cass Lake Voice, a newspaper published at Cass Lake; that on November 13, 1909, defendant maliciously published in said paper the alleged libelous article. The defendant contends that the evidence wholly fails to show that he was the proprietor and publisher of the paper, and that therefore it fails to establish the case set out in the complaint. The evidence does show that the defendant took the article complained of to the newspaper office, and gave it to an employee engaged in setting up in type matter that was to be published in the forthcoming issue of the paper; that he requested one Hole to assist in making up that issue of the paper; that his attention was called by Hole to the character of the article in question while it was in type in a galley before being placed in the forms; and testimony was given of an admission by the defendant that he had caused the article to be published. This evidence, which, except as to the defendant's admission, was undisputed, clearly tended to prove the allegation of the complaint that the defendant published the libelous article. It would seem that proof of the publication of the article was sufficient to establish a cause of action under

the complaint. A failure to prove the allegation that the defendant was proprietor and publisher of the paper would not show a variance between the proof and the allegation of publication of the libel.

The complaint, however, alleged the service of a notice upon the defendant, requesting a withdrawal of the libelous article, and the evidence established such service. Upon the measure of damages, therefore, at least, it became a material issue whether the defendant was in fact the publisher of the paper. The testimony above referred to, together with evidence introduced on the trial tending to show that the defendant paid some of the expenses of the paper, that he was part owner of the newspaper plant, that his brother-in-law, who had leased the plant, was actively engaged in publishing the paper, was, for several weeks at the time here in question, absent from the city, sustained the inference that, at least during the preparation and publication of the issue of the paper in which the libelous article appeared, the defendant was in charge of and controlled the office and office force of the paper, and was at that time the publisher thereof. The trial judge properly submitted this question to the jury, and its finding against the defendant is sustained by the evidence.

2. Upon the trial plaintiff and two witnesses called in his behalf testified to statements made by the defendant in a conversation taking place a few days before the trial. As so testified to, these statements were in effect that plaintiff had no reputation to lose, and an admission that defendant had published, or caused to be published, the libelous article. Defendant urges that he was not permitted, on the trial, to meet this testimony by introducing evidence of the entire conversation, a part of which was thus given by plaintiff. Undoubtedly, a part of the conversation having been given, the defendant was entitled to give the entire conversation, especially in view of the fact that it occurred between the plaintiff and the defendant, that it concerned the very article giving occasion to the suit, and that the attitude of the defendant towards the plaintiff and his motive in publishing the article in question were directly involved.

A reference to the record discloses that the defendant, being

called as a witness, was asked several questions with reference to a conversation with the plaintiff. Objections being interposed to these questions, the objections were sustained. No exception was taken on the trial to these rulings, and on the motion made for a new trial these rulings were not assigned as error. The correctness of such rulings is therefore not before this court for determination. Section 4200, R. L. 1905; American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428. The defendant did, in terms, deny that he had said that he published the article in question.

The witness Powers, called on behalf of defendant, after testifying that he had heard a conversation between plaintiff and defendant at a specified time and place, was asked, on direct examination, a question: "Q. What was the conversation?" An objection was made on general grounds, and on the further ground that it might call for self-serving statements, and, if for impeachment, was not proper in form. This objection was sustained. To this ruling an exception was taken. This was followed by the question and answer: "Q. In that conversation, did you hear Sutor say, 'Yes, I published that article, but I couldn't hurt your reputation with a sledgehammer?' A. No, sir; I heard him refer to the injuring of his reputation with a sledgehammer, but he denied the publication of the article."

No further questions were asked the witness on direct examination in reference to this or any other conversation, and no offer of proof was made in connection with the questions asked or the ruling by the trial judge. The conversation called for was not identified, at the time the question objected to was asked, either as the conversation testified to by plaintiff or as a conversation relating to any matter involved in the suit. It is entirely possible that it was both, and therefore competent and material; but it was the duty of defendant's counsel to make the competency and materiality of the testimony appear, either by identifying the conversation in his question, or by stating, through an offer, what the substance of the conversation was. The ruling, as made, was not erroneous. Nor could we find, if such ruling was erroneous, that it was prejudicial to the defendant, because it does not now appear from the record

that any statements bearing upon the issues involved in the case were made in the conversation referred to, beyond those testified to by defendant's witnesses.

3. The defendant urges that the verdict, even as reduced, is excessive. The published article involved was, in the extreme, defamatory in character. It tended to show great malice, and was of a nature to negative any justification for its publication, or the existence of any circumstances tending to mitigate damages therefor. The jury were, under the existing conditions, warranted in awarding punitive damages. There was evidence of special damage caused the plaintiff, and the general damages under the evidence could by the jury be assessed at a substantial amount. The trial judge, who was in a much better position than is this court to pass upon the amount of damages which fairly could be awarded under the evidence, determined that $3,000 was not excessive. While the amount is large, we think, for the reason suggested, that we cannot determine that the amount of the reduced verdict is in excess of the amount warranted by the evidence.

The order denying a new trial is affirmed.

BROWN, J., took no part.