## GEORGE N. BERGH v. PHIL CALMENSON.[1]

### April 20, 1917.

### Nos. 20,238—(47).

**Findings sustained.**

1. The findings challenged are supported by the evidence.

**Exclusion of evidence — reversal on appeal.**

2. Where the record does not show that an excluded conversation is material to the issues involved, the ruling in excluding it cannot be held error.

**Evidence of value — discretion of court.**

3. Where a witness testifies that he possesses knowledge of the value of certain property, it is not reversible error to permit him to state such value against the objection that no qualification has been shown, since the objector did not express any desire to question the witness as to the source of his knowledge, and it also appears that the witness was an owner of the property. The admission of opinion evidence as to value rests largely in the discretion of the trial court.

**Appeal and error — review of rulings not excepted to.**

4. Rulings to which no exception was taken at the trial nor by motion for a new trial cannot be reviewed on appeal.

Action in the district court for Chippewa county by the administrator of the estate of Halvor N. Bergh, deceased, to recover $125 for the conversion of certain chattels. The case was tried before Qvale, J., who made findings and ordered judgment in favor of plaintiff for $75. From

[1]Reported in 162 N. W. 353.

the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Jesse B. Calmenson* and *Allen & Straight,* for appellant.

*C. D. Bensel* and *J. H. Driscoll,* for respondent.

HOLT, J.

Suit for the conversion of a show case and a dismantled freight hoisting elevator, the former being of the alleged value of $25 and the latter of $100. The answer admitted the conversion of the show case, but alleged it to have been worth no more than $20, which sum had been tendered plaintiff; it also averred that the elevator, claimed to be owned by plaintiff, was part of the building wherein it had been stored, and that it had been conveyed as a fixture thereof when defendant purchased the premises. The court found that the elevator did not constitute a part of the building, as alleged in the answer, and that plaintiff was the owner thereof, as well as of the show case, when defendant converted the same to plaintiff's damage in the sum of $75. From the judgment entered pursuant to the findings, defendant appeals.

The finding that the elevator did not constitute a part of the building is amply sustained. The building, erected and owned by plaintiff's intestate, was a store building in Montevideo. Because of the sloping ground, the basement was very deep toward the west end, and the main floor above this part was laid at a lower level than in the rest of the store. A hoisting freight elevator, operated by hand power, was also installed to carry goods between the deep basement and the main floor. After the premises had been constructed in this manner, a fire caused some damage. The damage was repaired and some changes were made. The elevator was taken down together with the supporting stanchions, and the pulleys and fixtures pertaining to it; the main floor was reconstructed at a uniform level and no opening was left in the place through which the elevator had passed. The only evidence that an elevator has ever been used on the premises is a slight depression in the cement floor in the basement. A short time after the building had been so repaired and altered it was leased to defendant. In the lease storage space was reserved in the basement for some personal property of the landlord, plaintiff's intestate. Among this property was the dismantled elevator.

Some years thereafter plaintiff, as administrator, conveyed the premises, the lot and building, to defendant. It is quite evident that in taking down the elevator the owner of the freehold intended to permanently sever it from the building and never again to use or install it on the premises. The court could not in reason find that defendant, by purchasing the real estate, acquired title to this dismantled elevator, found in the basement of the building. It had ceased to be a part thereof, or a fixture therein, and was the personal property of the estate of which plaintiff was administrator.

The finding that plaintiff as administrator was the owner of the property appropriated is also challenged by defendant. Since defendant did not acquire title through the purchase of the building, as pleaded in the answer, the only manner in which he could question the finding of ownership in plaintiff would be under a claim that the record establishes estoppel *in pais* so clearly that the finding cannot stand. There is no evidence or testimony offered, in the nature of estoppel, except this: Plaintiff, calling defendant for cross-examination under the statute, asked him whether, when he bought the building, any talk was had concerning the elevator. His answer was: "There was no statement made at the time the sale was made, but Mr. Bergh was present and saw the elevator was being moved from the building. I called his particular attention to the fact I had disposed of the elevator. I was glad to get rid of it. I thought it was a good riddance, he didn't seem to make any objection or complaint whatever as being any property of his." He later fixed the time of this occurrence in January, 1913, about a month or more after the sale of the building. Plaintiff testified that he was not present when the elevator was taken away from the premises, and that it was not until 1914 that he learned it had been disposed of by defendant. We think the evidence is not such as to require a finding that plaintiff is estopped from asserting ownership as against defendant.

A witness, called by defendant, after stating that he was present at a conversation between plaintiff and defendant on a day very near that on which the elevator was removed from the building, was asked to give the conversation, but the court sustained the objection that it was irrelevant and immaterial. The ruling is assigned as error. The record contains nothing to show that the conversation called for related to the ele-

vator. The witness did not even identify it as the one referred to by defendant in his cross-examination. If the evidence called for tended to prove estoppel, the court should have been so advised at that time. As the record stands the ruling does not furnish a ground for reversing the judgment.

After plaintiff had testified that he knew the value of the elevator, he was asked to state the amount. Defendant objected to the question on the ground that he had not shown himself qualified. The overruling of the objection is assigned as error. Defendant did not ask permission to inquire as to the source or character of the knowledge which the witness claimed to possess, before an answer to the question should be allowed. And plaintiff's ownership, as administrator and as an heir, may also have induced the ruling made, which, moreover, was one resting largely within the discretion of the trial court. There was no abuse of discretion here.

Other errors assigned upon the admission and exclusion of testimony cannot be considered, for no exception to the rulings was taken during the trial and no motion for a new trial was made, wherein additional exceptions could be taken so as to be available on appeal. Argall v. Sutor, 114 Minn. 371, 131 N. W. 466; Petruschke v. Kamerer, 131 Minn. 320, 155 N. W. 205.

Judgment affirmed.