## STATE v. PAUL JATAL.[1]

May 26, 1922.

No. 22,923.

Possession of stolen motor — conviction of theft sustained by evidence.

1. The possession and control of an automobile shown to have been recently stolen, coupled with the facts and circumstances disclosed by the evidence, together with the explanation given by defendant, *held* sufficient to justify a verdict finding him guilty of the theft.

Evidence — charge to jury.

2. The record presents no error either in the admission or exclusion of evidence or in the instructions to the jury.

No review on appeal when no exception at trial or on motion.

3. Rulings to which no exception is reserved at the trial or noted in the motion for a new trial cannot be assigned as error in this court, and present no question for review.

[1]Reported in 188 N. W. 284.

Defendant was indicted by the grand jury of Wabasha county charged with the crime of grand larceny in the first degree, tried in the district court for that county before Callaghan, J., who denied his motions for dismissal, directed verdict and judgment of acquittal, and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Abraham H. Karatz* and *John R. Palmer,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General and *John R. Foley,* County Attorney, for respondent.

BROWN, C. J.

An automobile owned by Harold G. Cant, stored at the time in a private garage in the city of Wabasha, Wabasha county, was on the twenty-first day of May, 1921, wrongfully and unlawfully by some person or persons stolen and carried away. Defendant was subsequently indicted as a participant in the crime, and on trial duly found guilty. He appealed from an order denying a new trial.

The record presents two principal questions, namely: (1) Whether the evidence is sufficient to justify the verdict; and (2) whether there was error in the instructions of the court to the jury. We consider them in the order stated.

1. The fact that the automobile was stolen by some one is not questioned or in dispute on the record. The pivotal question on the trial was whether the evidence made a case against defendant. It is wholly circumstantial, there being no direct proof that defendant was at Wabasha at the time the automobile was stolen, and no other person is pointed out as the actual thief. The crime was committed in the night time, and the car soon thereafter was taken to the city of Minneapolis where, within a few days, it was found in the exclusive possession and control of defendant. He had operated it to some extent about the city, and by some mishap ran it into a telephone pole, resulting in considerable damage to the framework of the car. He then sold it to one Swartz, who in turn sold it to a police officer of the city, in whose possession it was found and

identified as the stolen automobile. No suspicion of culpability at-
taches by the evidence to either Swartz or the police officer; so far
as shown their relation to the car was without knowledge that it had
been stolen. Swartz had the automobile repaired and put in order
at an expense of $125. Upon this showing the state rested its case.
Defendant moved to dismiss for insufficiency of evidence, which was
denied. Whereupon, in addition to explicitly denying any and all
connection with the theft of the automobile, defendant undertook to
explain away the fact of his possession and control thereof.

It is settled law in this state that the unexplained possession and
control of personal property shown to have been recently stolen is
presumptive evidence of the guilt of the person so in possession.
State v. Munroe, 142 Minn. 394, 172 N. W. 313. The question wheth-
er it is sufficient to justify conviction in the particular case is one for
the jury. State v. Hoshaw, 89 Minn. 307, 94 N. W. 873. In the
case at bar defendant undertook to explain his possession and to
establish his good faith in the matter. In our view of the evidence
given by him for that purpose, the explanation made tended to con-
firm rather than to rebut the inference of guilt; at least the jury
were justified in so concluding.

It appears that defendant owns and operates a pool hall and a
rooming house in Minneapolis; he is not a dealer in automobiles.
Some three months prior to the transaction in question he purchased
an automobile for his own use, and was paying therefor on the in-
stalment plan. He claims to have purchased the car in question
from one Palmer, and to have paid $550 as the purchase price. Pal-
mer was a stranger to him, at least defendant testified that he had
met him only on one prior occasion, at his pool room, about a year
previous to this transaction. He gave North Dakota as his place of
residence, and when the automobile was offered for sale to defen-
dant North Dakota numbers were attached thereto. Palmer had no
certificate or other muniment of title, and produced to defendant
no evidence of ownership other than his assertion to that effect.
The transaction was closed at the office of one Marcus who drew up
a formal bill of sale from Palmer to defendant, which was signed
and acknowledged by Palmer at the time. Defendant claims to

have then paid the consideration of $550; in this he is not corrobor-
ated by Marcus nor by any other witness present at the time. The
other automobile previously purchased by him was in part on credit,
and at this time he was still making instalment payments on the
balance due. After completing the bargain and sale, which occurred
within a week from the date on which the car was stolen, defendant
applied to a painter to repaint the car, the result of which would
have been its probable change in appearance. But that was not
done; the accident in which the car was somewhat damaged prompt-
ed defendant to get rid of it, and he accordingly did so by the sale
to Swartz for $150, a reduction of $400 in the amount he claims
to have paid Palmer; the cost of repairs was $125. The sale dis-
pensed with the necessity of the contemplated coat of paint.

This explanation was for the jury, and they rejected it as not a
good faith disclosure of the facts. We find no sufficient reason for
disturbing that conclusion. The result, therefore, with the verdict
as a foundation, is that defendant was either the person who stole
the automobile, or was in collusion with the actual thief, aiding and
abetting him, though not personally present at the taking. In either
case, and under our procedure the jury was not required affirmative-
ly to specify, he is guilty of the crime charged. The question of re-
ceiving stolen property is not involved.

2. The trial court charged the jury that the unexplained posses-
sion and control of personal property, shown to have been recently
stolen, is evidence of the guilt of the person so in possession, and
sufficient to justify conviction if the jury is thereby satisfied beyond
a reasonable doubt. The court was careful to inform the jury that
the evidence of possession together with the explanation, presented
matters for the consideration of the jury, not that the conclusion
of guilt necessarily followed from a showing of possession. The
charge taken as a whole was clear and free from objection. The
contention that it was misleading and indefinite, and that the court
should have enlarged upon the matter of the possession of the auto-
mobile and the explanation thereof, is without special merit. No
requests for further instructions were made, and the exception found
in the motion for a new trial comes too late; though by this we are

not to be understood as doubting the clearness or correctness of the charge taken as a whole. State v. Zempel, 103 Minn. 428, 115 N. W. 275; State v. Henriksen, 116 Minn. 366, 133 N. W. 850; State v. Storey, 148 Minn. 398, 182 N. W. 613, 15 A. L. R. 629; 3 Dunnell, Minn. Dig. § 9798.

This covers the case and all that need be said in disposing of the appeal. Assignments of error 3, 4 and 5 present no exception reserved at the trial or in the motion for a new trial and cannot therefore be assigned as error in this court. American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428; 3 Dunnell, Dig. § 9726. The same is true as to assignments 7 and 8. Complaints of indefiniteness in the instructions of the court must be brought to the attention of the trial court at the trial, by a request for further instructions, otherwise they are not available in this court. 3 Dunnell, Minn. Dig. § 9798.

The evidence made the issue of the guilt of defendant one of fact for the jury, and finding no error in the record there must be an affirmance.

Order affirmed.