STATE v. MACK MOEN AND ANOTHER.[1]

March 29, 1923.

No. 23,341.

**No review of charge to jury unless objection taken at trial.**

Objection to charge to jury must be made at the trial, if the point is to be raised on motion for new trial or on appeal.    [Reporter.]

Defendant was indicted with another by the grand jury of Goodhue county charged with stealing a Buick automobile, tried separately before Callaghan, J., and a jury which found him guilty as charged in the indictment. From the sentence and from an order denying his motion for a new trial, defendant appealed. Affirmed.

*Zollman & Willwersheid, George L. Siegel* and   *P. B. Green,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Frank M. Wilson,* Special Assistant Attorney General, and *Arthur E. Arntson,* County Attorney, for respondent.

PER CURIAM.

Appellant was indicted jointly with Russell Anderson, charged with stealing a Buick automobile belonging to Frank Boothroyd on September 29, 1921, in the town of Welch, Goodhue county. The conviction of Anderson, upon the same charge and the same indictment was affirmed by this court in an opinion filed herewith.[2] While the records are not identical in detail, with but one exception there is no substantial variation. What is said in that opinion applies with equal force in this, except as to the charge. The record discloses no reversible error in the rulings upon the admissibility of evidence, and the evidence justifies the verdict.

Exception was taken to the charge of the court upon the effect of possession of stolen property recently after the commission of the theft. The rule is that the unexplained possession and control of personal property shown to have been recently stolen, is presumptive evidence of the guilt of the person so in possession. State v. Jatal, 152 Minn. 262, 188 N. W. 284. The trial court, in its general charge, inadvertently went beyond the rule, but it gave to the jury defendant's request to charge upon this branch of the case, which stated the rule correctly. If defendant was dissatisfied with the instruction as given in the general charge, he should have called the court's attention to the alleged error at the time. Having failed to do

[1]Reported in 192 N. W. 936.
[[2]State v. Anderson, page 132.]

so he cannot raise the objection on a motion for a new trial or on appeal.
3 Dunnell, Minn. Dig. § 9798, and cases there cited.

Affirmed.