## FRANK C. LYDIARD AND OTHERS v. ALMA C. COFFEE AND OTHERS[1]

April 4, 1924.

No. 23,651.

**Complaint does not allege contract void against public policy as matter of law.**

The complaint does not show as a matter of law that a contract between the plaintiffs and the defendants whereby the former were to secure from the county commissioners a change in the location of a bridge which was about to be constructed was invalid as against public policy.

Action in the district court for Hennepin county to compel delivery of certain deeds and that plaintiff Lydiard be authorized to insert his name as grantee in each of the deeds. From an order, Molyneaux, J., sustaining defendant Coffees' demurrer to the complaint, plaintiffs appealed. Reversed.

*W. L. Hursh*, for appellants.

*C. H. Slack* and *H. M. Farnam*, for respondents.

DIBELL, J.

This is an action to compel the defendant Minnesota Loan & Trust Company to deliver to the plaintiffs certain deeds executed in blank and delivered by the defendants Coffee to the defendant trust com-

[1]Reported in 198 N. W. 140.

pany in escrow. The defendants demurred to the complaint, the demurrer was sustained, and the plaintiffs appeal.

The Coffees owned land in the vicinity of Lake Minnetonka where a bridge was about to be constructed by the county commissioners of Hennepin county. The Coffees were desirous of having it located as indicated on a plat of Shadywood addition. They entered into agreement with Skarp and Dickson, the only portion of which we need quote is as follows:

"That said second parties shall use their best efforts in a legitimate and lawful manner to secure the county commissioners to order said bridge to be constructed at a point approximately where the road as indicated on the plat of said Shadywood addition would cross said channel connecting West Arm and Crystal Bay if said road were graded and extended over said channel."

A deed to said lots was executed in blank and delivered to the trust company to be delivered upon performance of the contract. Afterwards Skarp and Dickson entered into a contract with the plaintiff Lydiard whereby he furnished $2,000 which was used in paying a part of the expense of changing the location of the bridge and making a fill and approaches and in opening and changing the road leading thereto. In consideration thereof Skarp and Dickson conveyed to Lydiard all their rights under their contract with the Coffees. The road and bridge were completed and opened at the location desired by the Coffees.

The defendant loan and trust company is indifferent. The controversy is between the plaintiff and the Coffees. The defense of the Coffees is that their contract was illegal and void as against public policy in that it was in the nature of a lobbying contract to induce the location of the bridge at the point desired for a consideration contingent upon success.

We cannot hold that the complaint shows as a matter of law that something unlawful or against public policy was contemplated or that it resulted. The change of the location of the bridge may have been proper and desirable from a public standpoint. It appears that $2,000 was paid to defray certain costs incident to

the construction of the bridge at the changed location with necessary approaches, etc. It was not necessarily improper to contribute to the extra cost of an improvement caused by a changed plan. It does not necessarily appear that lobbying was contemplated or practiced. It does not appear that improper influences were brought to bear upon the county commissioners. In Wells v. Floody, 155 Minn. 126, 192 N. W. 939, we reviewed many of the cases involving contracts claimed to be invalid. In our view the question of the validity of the contract should be determined upon the evidence at a trial, and the demurrer should not have been sustained. We refrain from a discussion of the law which may or may not be applicable when the proofs are in.

Order reversed.