C. A. PARKER AND ANOTHER v. H. E. FRYBERGER.[1]

December 31, 1925.

No. 24,676.

**When omission to charge jury on point is not ground for new trial.**

1. The failure of the court to charge the jury on a particular point is not ground for a new trial in the absence of a request for an instruction covering it.

**Nor can court grant new trial on its motion.**

2. Nor has the court any authority upon its own motion to grant a new trial for such error.

**Not considered on alternative motion for judgment non obstante.**

3. The consideration of such error, when properly before the court upon the usual alternative motion, is in reference to the motion for

[1]Reported in 206 N. W. 716.

a new trial and not the motion for judgment notwithstanding the verdict.

## Construction of complaint.

4. If possible, language of a complaint alleging a contract must be construed in favor of a legal rather than an illegal contract.

## Validity of contract determined by evidence.

5. In such case the better practice is to determine the validity of the contract upon the evidence. After trial the evidence and not the complaint is controlling.

## What shown by evidence.

6. The evidence shows that the language of the oral contract, which is the basis for this action, did not require or contemplate that plaintiffs would solicit clients.

## What is reviewable upon appeal from grant of judgment non obstante.

7. Upon an appeal from an order granting judgment notwithstanding the verdict, the only question presented is whether the evidence is sufficient to sustain the verdict.

## After reversal, for trial court to pass upon motion for new trial.

8. Upon the reversal of such order in this court the motion for new trial, which has never been decided, awaits disposition by the trial court.

Appeal and Error, 4 C. J. p. 670 n. 91 New; p. 1224 n. 3.
Contracts, 13 C. J. p. 717 n. 8 New; p. 779 n. 28.
New Trial, 29 Cyc. p. 796 n. 48; p. 921 n. 11.

---

1. See 14 R. C. L. p. 797; 3 R. C. L. Supp. 287; 4 R. C. L. Supp. p. 920; 5 R. C. L. Supp. p. 778; 20 R. C. L. p. 270; 3 R. C. L. Supp. p. 1050; 4 R. C. L. Supp. p. 1349.
4. See 6 R. C. L. p. 839; 2 R. C. L. Supp. p. 221; 4 R. C. L. Supp. p. 444.

Action in the district court for Hennepin county to recover upon an express contract for services. The case was tried before Leary, J., and a jury which returned a verdict in favor of plaintiffs. Plaintiffs appealed from an order granting defendant's motion for judgment notwithstanding the verdict. Reversed.

*George R. Smith, Edward J. Callahan, H. Stanley Hanson* and *William B. Movery,* for appellants.

*M. H. Boutelle* and *H. E. Fryberger,* for respondent.

WILSON, C. J.

Defendant, an attorney, had contracts with about 260 clients who were stockholders and noteholders of an electric traction company, known as the "Dan Patch Line," to represent them on a contingent fee of 50 per cent of the amount to be recovered. Several actions were instituted resulting in a settlement, defendant receiving $16,800 as fees.

This is an action to recover for services pursuant to an alleged express contract. The complaint clearly states a cause of action upon a contract of employment to secure evidence and information desired and needed for the successful prosecution of such litigation. The contract was that plaintiffs should receive one-third of the fees coming into the hands of defendant from such litigation. The answer contained a general denial, some special denials, and alleged that, if such contract was made, it was illegal. The reply was a general denial.

Upon the trial an objection was made to the reception of evidence on the ground that if the agreement was made it was illegal. This was overruled. At the close of the evidence a directed verdict was sought on specified reasons, but was refused. Plaintiffs' verdict was for $6,658.40. The jury returned a special verdict saying that when the contract of employment was made plaintiffs did not know defendant's fees were contingent. They appealed from an order granting defendant's motion for judgment notwithstanding the verdict.

Upon the trial the plaintiffs testified in great detail as to the services they rendered, but nowhere in the record is it made to appear that they solicited persons to become parties to the litigation or that the contract of employment so provided. Their principal mission seems to have been to interview bondholders and noteholders and ascertain what, if any, fraudulent representation induced them to invest. They also put defendant in touch with others who disclosed to him valuable information. Defendant denying the con-

tract claimed that, if it was made, it was in part illegal because plaintiffs were stirring up litigation on a contingent fee basis and were finding cases. He introduced some evidence tending to support this claim.

The memorandum of the trial court indicates that he granted the motion for two reasons, namely:

(1) His failure to allow the jury to decide whether the contract required plaintiffs to solicit clients. There was no occasion to do so. Plaintiffs' claim was to the contrary. Defendant denied any contract and did not request such charge in support of his claim of illegality in the event the jury found there was a contract nor did he take any exception because of the failure of the court to give such charge. Nor is there any such assignment of error in the motion for judgment notwithstanding the verdict or a new trial. It is well settled that the failure of the court to charge on a particular point is not ground for a new trial in the absence of a request for an instruction covering it. Outcelt v. C. B. & Q. R. Co. 150 Minn. 398, 404, 185 N. W. 495; Peterson v. Manchester, 162 Minn. 486, 203 N. W. 432; Rennie v. Skellett Co. 151 Minn. 63, 67, 186 N. W. 130; American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428. Nor has the trial court any authority upon its motion to grant a new trial for such error. Farris v. Koplau, 113 Minn. 397, 129 N. W. 770; Valerius v. Richard, 57 Minn. 443, 59 N. W. 534; Weinberg v. Steeves, 82 Minn. 262, 84 N. W. 755. It may do so when the verdict is not sustained by the evidence. Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868. Where a motion is made it must control. Farris v. Koplau, supra. Consequently the failure to submit this question to the jury cannot be reached upon this record. Had it been properly saved by defendant it would have been for the consideration of the court in connection with the motion for a new trial and not the motion for judgment.

(2) That the language of the complaint was controlling and that such language embraced the element of soliciting clients as a part of the contract. If possible, language of a complaint alleging a contract must be construed in favor of a legal rather than an illegal

contract. We think, when the meaning of the language of a complaint is not certain and free from doubt, the better practice is to determine the validity of the contract upon the evidence at the trial. Lydiard v. Coffee, 158 Minn. 520, 198 N. W. 140. Having the evidence before us, we are not restricted to the complaint nor is it then controlling. The evidence and not the complaint is controlling. Upon a consideration of the evidence, it is plain that the language of the oral contract mentioned in the complaint did not require or contemplate that plaintiffs would solicit clients. Plaintiffs' evidence and the findings of the jury, as embraced in the general and special verdict, put this case beyond the doctrine of Holland v. Sheehan, 108 Minn. 362, 122 N. W. 1, 23 L. R. A. (N. S.) 510, 17 Ann. Cas. 687.

Upon an appeal from an order as here involved the only question presented is whether the evidence is sufficient to sustain the verdict. Bosch v. C. M. & S. P. Ry. Co. 131 Minn. 313, 155 N. W. 202; Smith v. M. St. Ry. Co. 132 Minn. 51, 155 N. W. 1046; Prigge v. Selz, Schwab & Co. 134 Minn. 245, 158 N. W. 975; Hoggarth v. M. & St. L. R. Co. 138 Minn. 472, 164 N. W. 658; White v. G. N. Ry. Co. 142 Minn. 50, 170 N. W. 849; Amy v. Wallace-Robinson. Lbr. Co. 143 Minn. 427, 174 N. W. 433; Fink v. N. P. Ry. Co. 162 Minn. 365, 203 N. W. 47. The answer to this inquiry must be in the affirmative. It follows that the order of the trial court for judgment notwithstanding the verdict must be, and is, reversed.

This leaves the motion for a new trial pending and awaiting disposition by the trial court. Kies v. Searles, 146 Minn. 359, 178 N. W. 811; Central Met. Bank v. F. & C. Co. 159 Minn. 28, 198 N. W. 137.

Reversed.