STATE v. JOHN BRAM.[1]

June 5, 1936.

No. 30,911.

*Ozro Yakey* and *John I. Davis,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Deputy Attorney General, and *Sam G. Gandrud,* County Attorney, for the State.

LORING, JUSTICE.

This is an appeal from a judgment of conviction in a prosecution for petit larceny.

Defendant is charged with stealing a sweep rake or "haybucker" from one Anderson. The defendant is a young man who lived with his father on his father's farm in Swift county. Anderson, the

[1]Reported in 267 N. W. 383.

complainant, lived not far distant in Meeker county. July 18, 1935, Anderson and his son were using the haybucker and at the close of the working day left it in the field. When Anderson returned to the field the next morning the implement was gone. Sometime between July 15 and 19 a small gasolene engine was stolen from one Doyle, a farmer living near Anderson. September 5, 1935, Doyle, Anderson, the sheriff of Meeker county, and a deputy sheriff of Swift county drove to the farm of defendant's father and there found both the gasolene engine and the haybucker. Defendant was questioned about the articles and claimed title to both. He claimed to have purchased the haybucker from a traveling junk dealer and the gas engine from a man in St. Cloud. Defendant claimed not to know the vendors and at the time of the trial had been unsuccessful in locating either. The St. Cloud man, defendant claims, had several gasolene engines at a certain location in St. Cloud, and defendant selected the engine belonging to Doyle from the lot and bought it. At the time of his interview with the complainant, Doyle, and the sheriffs, defendant denied having taken receipts for payment of the articles, but at the trial he produced receipts. He was convicted by a jury in justice court and upon appeal to the district court was again convicted.

The principal contention of defendant on this appeal is that the court's charge was erroneous. No exceptions were taken to the charge, and there was no request for further instructions. There was no motion for a new trial. Under those circumstances the alleged error in the instructions cannot be assigned as error in this court. State v. Jatal, 152 Minn. 262, 266, 188 N. W. 284.

The evidence amply supports the verdict. A careful examination of the record leads us to the conclusion that the state's case was stronger at the close of defendant's own testimony than it was when the state rested. Defendant's explanation of the stolen articles, the fact that he claimed to have purchased each from a stranger in widely separated districts, the strange coincidence that he selected, out of several gasolene engines held for sale by a stranger 75 miles from his home, the particular engine stolen from

his own neighborhood, and the unsatisfactory and unsubstantiated story of his purchase of the haybucker were, taken all together, sufficient to sustain the verdict.

Affirmed.