## STATE v. JOE KRUSE.[1]

### June 15, 1917.

### Nos. 20,440—(2).

**Criminal law — new trial — substantial justice.**

A jury deliberated for ten hours. When the judge entered the court
room, where the jury then were, the foreman asked him whether he told
them that, if defendant furnished a certain person less than five gallons

[1] Reported in 163 N. W. 125.

of liquor at a certain town, as claimed in the indictment, defendant was guilty? The judge answered, yes, left the room and did not return until informed the jury had agreed. At the time defendant was out on bail and neither he nor his attorneys were in the court room. The answer was correct. *Held*: No substantial right of accused was violated and he was not entitled to a new trial. [Reporter.]

Defendant was indicted by the grand jury charged with the crime of selling intoxicating liquor without license, tried in the district court for Goodhue county before Johnson, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Arthur E. Arntson, Wilson & Ofstedahl* and *P. S. Aslakson*, for appellant. *Lyndon A. Smith*, Attorney General, *James E. Markham*, Assistant Attorney General, and *Thomas Mohn*, County Attorney, for respondent.

PER CURIAM.

Defendant was convicted of selling intoxicating liquor to Emil Swanson in less quantity than five gallons without a license, in violation of G. S. 1913, § 3109, which declares that offense a misdemeanor punishable by a fine of not less than $50, and by imprisonment in the county jail for not less than 30 days. This appeal is from an order denying a new trial.

That the evidence sustains the verdict of guilty is conceded. Defendant makes a claim of improper remarks by the county attorney in his closing address to the jury. We find no merit in this claim, and need not discuss it, following in this course the brief and oral argument of counsel for defendant.

The only question arises upon the following somewhat unusual circumstances: After the jury had deliberated some 10 hours the judge came into the court room, where the jury had been holding its deliberations. The jurymen took their seats in the jury box, and the court inquired if there was any prospect of their agreement, whereupon the foreman of the jury asked the court this question: "Judge, did you tell us that if the defendant furnished to Emil Swanson less than five gallons of intoxicating liquor in the town of Cannon Falls, as claimed in the indictment and in violation of law, that he is guilty?" The judge replied, "yes," retired from the court room, and did not return until informed that the jury had agreed. At the time this question of the foreman was asked and answered, the defendant was out on bail and was not in the court room, nor were his attorneys. There is no doubt that the answer of the court to the question was correct. It had told the jury just that in its charge, and of course it was the law. Defendant insists that his constitutional rights were violated by the incident, and that there was also a violation of G. S. 1913, §

9210, in the court's giving the jury information upon a point of law when the defendant was not present and without notice to him or his counsel.

This court committed itself many years ago to the wholesome doctrine that "new trials should be granted only where the substantial rights of the accused have been so violated as to make it reasonably clear that a fair trial was not had."[1] A majority of the court is of the opinion that this doctrine controls the irregular incident in this case; that there was no violation of any substantial right of the accused; that any right the defendant had to be present when the answer to the juror's question was given was waived by his voluntary absence, and that the court was not bound to dispatch messengers to find either the defendant or his counsel.

Order affirmed.

[1]State v. Nelson, 91 Minn. 143, 97 N. W. 652.

