## STATE v. PHIL. MORGAN.[1]

### June 25, 1920.

### No. 21,805.

**Grand larceny — conviction sustained by evidence.**

1. The evidence sustains the verdict. The jury could find that defendant and the two others indicted with him had possession of recently stolen goods under such circumstances that they either participated in the actual felonious taking or planned, aided or abetted the same.

**Charge to jury.**

2. The charge adequately guarded the rights of defendant against a conviction on the indictment herein upon proof merely of having stolen property in his possession, knowing it to be such.

**Conduct of counsel insufficient to warrant new trial.**

3. It cannot be held that counsel's persistence in asking certain questions after adverse rulings was such misconduct that a new trial should be granted, the questions apparently being asked in good faith and not for the purpose of creating prejudice.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of grand larceny in the first degree, tried in the district court for that county before Jelley, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William J. Quinn* and *Milton D. Purdy,* for appellant.

*Clifford L. Hilton,* Attorney General, *John E. Palmer,* Assistant Attorney General, and *William M. Nash,* County Attorney, for respondent.

[1]Reported in 178 N. W. 489.

HOLT, J.

Defendant was found guilty of grand larceny in the first degree. He moved for a new trial, and appeals from the order denying the motion.

This appeal was argued with the appeals of Couplin[1] and Levine,[2] though upon separate assignments of error. The same persons who testified to matters connected with the crime in the Couplin trial, testified in this, with the exception of Couplin, and three or four other persons who gave testimony of no special significance in the Couplin trial. Defendant's reputation for honesty and integrity was made an issue by him in this case, and the witnesses pro and con on that issue did not testify in the Couplin trial. In other respects the evidence was substantially the same at the two trials, and it is not deemed necessary to enlarge on the statement made in the Couplin case [supra, page 190], save to say that this defendant claimed he first heard of the furs through Levine, that he then called Couplin over to meet Levine, and that all three agreed to go into the deal and buy the furs, but that, when he went to look at them at Couplin's house and his offer of $2,000 for them was declined, he withdrew and had no more to do with them. Levine contradicted this claim, and testified not only as mentioned in the Couplin case, but also that this defendant Morgan took active part in trying to dispose of the goods, going with prospective purchasers to the attic where they were kept. It also appears that the $500 check Levine gave on account of the transaction was payable to this defendant. We only add that, in our opinion, the record in this case justifies the verdict as well as did the record in the Couplin case. The jury could well find that not only Couplin, but also Morgan and Levine, were in possession of the furs while they remained in Couplin's attic, and from such possession arrive at the conclusion that all participated in or aided and abetted the actual asportation of the goods from J. B. Wicks & Company's store. The jury properly could find that the divergent explanations given by Levine on the one hand and Morgan and Couplin on the other were both untrue, so that the effect thereof was not to raise a doubt of their guilt, but rather to strengthen the state's case.

The court gave the same charge given upon Couplin's trial, with

[1][See page 190, supra.]          [2][See page 187, supra.]

the exception that the issue raised by the testimony of defendant's reputation was properly treated, and on the subject of defendant's participation in the crime this paragraph was added:

"But if you are not convinced beyond a reasonable doubt that the defendant was personally concerned. in the commission of the crime, or was concerned in it by either directly or indirectly counselling, encouraging, hiring, commanding, inducing, procuring or aiding come other person or persons in its commission, then you should acquit him— you remembering that the defendant claims he was not concerned in any manner or way whatever either directly or indirectly in the commission of the crime."

This would seem to make it very clear to the jury that they could not convict upon the mere proof that defendant had bought, or otherwise acquired possession of, stolen property, knowing it to be such, or, in other words, that they could not find him guilty under this indictment upon proof that he had violated section 8886, G. S. 1913. This was emphasized also by the closing words of the charge where this language occurs:

"Take the case, gentlemen, you remembering that this defendant is here on trial charged with grand larceny and that crime alone is being tried before you and nothing else, you must find him guilty of that crime or none at all."

There was in the Couplin case a further cautionary instruction to lay out of consideration the references which had evidently been made by the attorneys in their arguments to the crime of receiving stolen property and to indictments against defendant, Couplin, and Levine for that offense returned by the Ramsey county grand jury. The absence of this instruction in the instant case indicates that counsel very properly refrained from injecting more of the issue of other offenses in this trial than the evidence properly admissible unavoidably revealed. We, therefore, are of the opinion that the quoted part of the charge, in connection with the specific direction that the jury must acquit unless the evidence satisfies them beyond a reasonable doubt that defendant participated in, or aided and abetted the actual commission of the crime, sufficiently guarded the rights of defendant, and that to have

given the five requested instructions upon the proposition that if defendant had no knowledge or connection with the larceny until after the furs came to St. Paul he could not be convicted, would have made that feature unduly prominent.

Defendant also proffered a request containing this language: "I charge you, and it is the law, that the defendant is not bound to prove the truth of his story or that his explanation is a reasonable one. He is entitled to an acquittal if his explanation of his possession of the stolen property raises any reasonable doubt in your minds as to defendant's guilt. The question is not whether the defendant's story is a reasonable one, but whether it is true. An unreasonable story or explanation may be a true one, and a reasonable and plausible story or explanation may be a false one." The language is in the main a quotation from the argument used by the court in State v. Hutchison, 121 Minn. 405, 141 N. W. 483, to show that the test of reasonableness of the explanation, applied by the court below in the trial of that case, was fallacious. The opinion was not intended to serve as a form for an instruction to a jury. And speaking accurately, a defendant on trial for larceny is not entitled to an acquittal, if his explanation of his possession of the recently stolen property, standing alone, raises a reasonable doubt of his guilt, but he is entitled thereto if upon all the evidence, including the explanation, there remains a reasonable doubt of his guilt. He is not required to prove the truth of his explanation, nor its reasonableness, but, as a matter of fact, we apprehend the attorney of a defendant may be more successful in persuading a jury that a reasonable doubt of guilt exists where no explanation of possession has been attempted, than where the one given has been found untrue, or is so unreasonable that the jury cannot believe it true. The jury in these cases of Couplin and Morgan could not rightfully lay out of consideration the fact of the possession of the goods stolen, soon after the theft. Even though the facts and circumstances properly received in evidence tend to prove the defendant to be guilty of other crimes than the one for which he is being tried, he is not entitled to instructions that will hamper the jury in drawing the proper inferences of guilt or innocence from such acts and circumstances in the

case on trial. We think no error was committed in refusing the instruction above discussed, and that those given touching defendant's attempted explanation, as more fully considered in the Couplin case, were not misleading but adequately guarded the legal rights of defendant.

Misconduct of counsel is complained of because questions were asked witnesses concerning defendant's and Couplin's connection with the disposition of some stolen cigars at some time previous to the fur theft. The court sustained objections whenever made to such questions. Some excuse for counsel's conduct may be found in the fact that no objections were made when defendant was cross-examined with reference to these cigars. Of course, this did not justify the attempt to rebut defendant's denial that he either paid for or restored part of the cigars, or was present when anything relating to cigars was discussed. But we do not think the attorney persisted to the point of prejudice, nor did the questions assume that defendant had stolen the cigars. Moreover, we are confident that the prompt admonition then given the jury "to pay no attention to the question," destroyed the harmful effect, if any, produced by the mere asking of the questions. Some of those ruled out do not appear to us improper, for instance, the one asked the witness Whittier as to defendant's reputation in respect to handling and receiving stolen property, defendant having introduced testimony as to his reputation for honesty and integrity in business. The rule applied in State v. Fournier, 108 Minn. 402, 122 N. W. 329, and State v. Taylor, 144 Minn. 377, 175 N. W. 615, is right and salutary. And where impertinent and insinuating questions, or questions assuming the existence of damaging facts, have been persisted in, after objections to them have been sustained, to such an extent that prejudice may have resulted to a defendant on trial for a crime, courts do not hesitate to grant a new trial. We, however, do not consider that the prosecuting attorney was unduly persistent in the instant case nor were the questions framed with a view to carry any insinuation if unanswered. The ones asked in this case could not well come within the class described in People v. Mullings, 83 Cal. 138, 23 Pac. 229, 17 Am. St. 223, where the court said: "It is quite evident that the

questions, and not the answers, were what the prosecution thought important."

Some of the errors assigned are disposed of by the opinion in the Couplin case; the others, not herein referred to, do not call for discussion.

We fail to find any error justifying an interference with the verdict. Order affirmed.