## STATE v. RUSSELL ANDERSON AND ANOTHER.[1]

March 29, 1923.

No. 23,359.

**Evidence of other thefts by defendant about the same time admissible.**

1. In a prosecution for the theft of an automobile, where it is claimed that the accused was engaged with others in the general business of stealing such vehicles, testimony tending to show participation in other thefts by appellant about the time of the commission of the theft of the car mentioned in the indictment, is admissible as bearing upon the possession of the stolen car and the nature of the business of the accused.

**Conviction sustained by possession of car and other facts.**

2. Possession and control of an automobile recently stolen, coupled

[1] Reported in 192 N. W. 934.

with facts and circumstances disclosed by the record, *held* sufficient to justify a verdict finding the accused guilty of the theft.

**Admission of evidence—charge to jury.**
   3. The record disclosed no error, either in the rulings upon the admissibility of evidence or in the instructions to the jury.

Defendant was indicted with Russell Anderson by the grand jury of Goodhue county charged with the theft of a Buick automobile, tried separately in the district court for that county before Callaghan, J., and a jury which found him guilty as charged. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Zollman & Willwerscheid, George L. Siegel* and *P. B. Green,* for appellant.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.

QUINN, J.

The appellant, Russell Anderson, was indicted joinly with Mack Moen, charged with stealing a Buick automobile belonging to Frank Boothroyd on September 29, 1921, in the town of Welch, Goodhue county. They asked for separate trials. Moen was tried before Judge Johnson and a jury, convicted and sentenced to the Minnesota State Reformatory at St. Cloud. Anderson was tried before Judge Callaghan and a jury, convicted and sentenced to the same reformatory. Each applied for a new trial, which was denied, and each appeals from the order denying a new trial.

Upon the Anderson appeal it is not contended but that there was sufficient evidence to justify the verdict, but is earnestly urged that the trial court was in error in its rulings upon the admissibility of evidence tending to show that the two persons accused were in the joint business of stealing automobiles and that as a part of such business they stole the Buick car in question. The same grand jury that returned the indictment referred to, also returned another indictment accusing the same persons with stealing a Reo car from the farm of Julian O. Anderson, in the town of Goodhue, in Goodhue county, on September 28, 1921. The appellant, Russell Anderson,

was tried for the theft of the Reo car and acquitted prior to the trial here under consideration.

It appears clear from the evidence that both the Buick and the Reo cars were stolen as mentioned in the indictments. The evidence as to whether the accused persons or either of them committed the offenses is wholly circumstantial. It appeared from footprints, that two men participated in the taking of each car. The footprints indicated that each car had been pushed from the garage to the highway by two men. It is not contended on the part of the prosecution that the two persons accused have been identified as the persons who actually took the cars from the possession of the owners, but that others may have acted in concert with them in so doing, and that if the proofs are such as to warrant such an inference, then they were proper for the consideration of the jury and sufficient to warrant a conviction, under the rule recognized in this state. State v. Couplin, 146 Minn. 189, 178 N. W. 486; State v. Morgan, 146 Minn. 197, 178 N. W. 489; State v. Jatal, 152 Minn. 262, 188 N. W. 284.

There is testimony in the record tending to show that the Buick car was found in the possession of the accused men at a garage in the city of St. Paul, on October 19, 1921; that the car had been registered by Moen upon a false bill of sale; that the signature on such bill of sale was in the handwriting of the appellant Anderson; that the original motor number on the car was 546,348 and the serial number 556,332; that these numbers were changed to the numbers as given in the spurious bill of sale and the application for registration, by stamping the figures 8 over the figure 3; that when appellant was accosted by a police officer as he was leaving the garage last referred to, with a piece of rope and an auto top cover, he attempted to evade the officer's inquiries; that when the officers returned from taking appellant to the police station, they found Moen driving the Buick car from the garage; that the officers also found at this garage the bumpers which had belonged to the Reo car stolen from Julian O. Anderson, and that Moen gave an assumed name and claimed to have bought the car from a person living at Harvey, North Dakota.

We think it clear that the evidence was sufficient to warrant the jury in finding beyond a reasonable doubt that the appellant, in person or in concert with others, had assisted in stealing the Buick car, as charged in the indictment. State v. Miller, 45 Minn. 521, 48 N. W. 401; State v. Hoshaw, 89 Minn. 307, 94 N. W. 873; State v. Monroe, 142 Minn. 394, 172 N. W. 313; State v. Jatal, supra.

Upon the trial, evidence was received under objection as to the theft of a Ford car on Washington street, in the city of St. Paul, on July 21, 1921, the property of Anna Pryor. The general trend of the testimony bearing upon that phase of the case was to the effect that in the following September, Anderson, under the assumed name of Ralph Nelson, made a bill of sale of a Ford car answering the description of the Pryor car, to Moen, under the assumed name of Martin Mooney; that Moen signed and swore to an application for and procured the registration of the Ford car in the office of the secretary of state; that Moen, using the name Mooney, transferred this car to John Schotts; that the registration thereupon was transferred to Schotts; that Schotts was acquainted with Moen and knew that his name was not Mooney; that both Anderson and Moen lived in Goodhue county; that Schotts went to the Reo Sales Agency in Minneapolis and purchased Reo car bumpers with money furnished by Anderson; that the Reo car stolen from Julian O. Anderson was recovered by the police and in it were found the bumpers purchased by Schotts; that Moen stated to the police, in the presence of Anderson, that the bumpers found in the Reo car belonged to Anderson; that the stolen Ford car was recovered from the possession of Schotts; that the Ford car was examined by Anna Pryor in January, 1922, and identified as her car, and that Schotts furnished her a new car in lieu of the one that had been stolen.

One of the main contentions on behalf of appellant is that, this being a conspiracy case, the trial court improperly admitted testimony tending to show participation in other crimes by appellant subsequent to the commission of the theft of the car mentioned in the indictment. There was testimony tending to show that both Anderson and Moen were found in possession of the Buick car at a garage in St. Paul on October 19. It was stolen on September 28

in Goodhue county. The theory of the state is that these two men were engaged in the business of stealing automobiles. Not that they had entered into a conspiracy to steal the identical Buick car described in the indictment, but that they were engaged in the general business of stealing such cars. The Reo and Buick cars were stolen at practically the same time, in the same county. The bumpers had been removed from the Reo car. They were found in the same garage with the Buick car, in the possession of the appellants. The purpose of removing those bumpers, the procuring of new ones by appellant and Schotts, and the finding them later in the stolen Reo car, were proper matters for the jury to consider as bearing upon the possession of the stolen Buick and in determining the nature of the business in which the appellants were engaged. This class of testimony is admissible as confirmatory of the evidence tending to show the commission by appellant of the offense charged. State v. Monroe, supra, and cases therein cited.

We find no trouble with reference to the rulings upon the admissibility or rejection of evidence in the record. State v. Evans, 88 Minn. 262, 92 N. W. 976; State v. Ames, 90 Minn. 183, 96 N. W. 330; State v. Dunn, 140 Minn. 308, 168 N. W. 2; State v. Ettenberg, 145 Minn. 39, 176 N. W. 171; State v. Townley, 149 Minn. 5, 182 N. W. 773, 17 A. L. R. 253. Nor do we find any reversible error in the instructions when read as a whole. The case is within the rule that a new trial will not be granted on account of technical error, where there is no substantial doubt as to the guilt of the accused. State v. Gardner, 96 Minn. 318, 104 N. W. 971, 2 L. R. A. (N. S.) 49; State v. Williams, 96 Minn. 351, 105 N. W. 265; State v. Rusk, 123 Minn. 276, 143 N. W. 782; State v. Brand, 124 Minn. 408, 145 N. W. 39; State v. Kruse, 137 Minn. 468, 163 N. W. 125; State v. Townley, 149 Minn. 5, 182 N. W. 773, 17 A. L. R. 253. There was therefore no error in receiving the evidence relating to the alleged theft of the Reo car, even though appellant had been acquitted on that charge. State v. Monroe, supra.

In cases of this character, concerted action need not be established by direct evidence, it is sufficient if the circumstances shown warrant the inference of co-operative conduct. Redding v. Wright, 49 Minn. 322, 51 N. W. 1056.

The requested instructions, so far as material, were covered by the general charge, which was full and fair. The evidence bearing upon the salient phases of the case was ample to warrant the finding of the jury thereon. We are satisfied that the appellant was awarded a fair trial, and that the evidence justifies the verdict.

Affirmed.