# STATE v. JOHN CLOUD.[1]

January 10, 1930.

No. 27,634.

[1]Reported in 228 N. W. 611.

G. A. Youngquist, Attorney General, Chester S. Wilson, Assistant Attorney General, and J. E. Lundrigan, County Attorney, for the state.

Baldwin, Baldwin, Holmes & Mayall, for defendant.

TAYLOR, C.

Defendant was convicted of taking a muskrat in violation of the laws of this state for the protection of wild animals. The case was submitted upon a stipulated statement of facts. The trial court has certified to this court in substance the question whether, under the facts stated, the laws of this state forbidding the taking of wild animals except as therein provided applied to defendant, a Chippewa Indian, when taking a muskrat on an allotment held in trust for him by the United States.

It appears from the stipulation that defendant is and always has been a member of the Leech Lake band of Chippewa Indians and is enrolled as such, and always has been and still is lawfully entitled to money payments and allotments as a member of that band; that in 1915 an 80-acre tract of land in Cass county was duly allotted to him as such Indian under and pursuant to the so-called Nelson act of January 14, 1889, and the general allotment act of February 8, 1887, and amendatory acts; that this land is held in trust for him by the United States under a so-called trust patent issued as provided in the allotment acts; that the land was a part of the Indian reservation created by the treaty of March 19, 1867, with the Chippewas of the Mississippi; that under and pursuant to the Nelson act all of the reservation was ceded to the United States for the uses and purposes set forth in that act. It is further stipulated that defendant has been in possession of his allotment and has occupied it as his home ever since 1915; and that the acts constituting the offense with which he is charged were committed wholly within the limits of this allotment.

Defendant contends that while residing on this allotment during the period it is being held in trust for him by the United States he is a ward of the United States and that the state has no jurisdiction over him for acts committed within the boundaries of the allotment.

It is conceded that the general laws of the United States relating to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States have been extended to the Indian country by U. S. Rev. St. § 2145. But the state contends that the land in question is not Indian country for the reason that the entire area included in the reservation created for these Indians by the treaty of 1867 had been ceded to the United States by the treaty with the Chippewas of February 22, 1855, and thereupon ceased to be Indian country; and further contends that the decision in the case of Minnesota v. Hitchcock, 185 U. S. 373, 22 S. Ct. 650, 46 L. ed. 954, determining the status of the Red Lake reservation under the cession made under and pursuant to the Nelson act, is not in point here for the reason that the land within the Red Lake reservation was not a part of the tract ceded by the treaty of 1855. That case holds that in the cession made under and pursuant to the Nelson act the Indians did not cede the lands within the reservations to the United States absolutely, but only in trust to be disposed of for the benefit of the Indians in the manner therein provided; and that the lands so ceded remained subject to the rights therein reserved to the Indians by that act and did not become public lands. The court adverted to the fact that the Indians had never relinquished their rights in the land within the Red Lake reservation, but the opinion indicates that that fact was not deemed important in determining the status of the land under the Nelson act and the cession made pursuant thereto.

Where a portion of the public domain has been lawfully set apart as an Indian reservation it is deemed to be Indian country within the meaning of the federal laws. Donnelly v. U. S. 228 U. S. 243, 33 S. Ct. 449, 57 L. ed. 820, Ann. Cas. 1913E, 710; U. S. v. Pelican, 232 U. S. 442, 34 S. Ct. 396, 58 L. ed. 676. It follows that the lands set apart as a reservation for the Chippewas of the Mississippi by

the treaty of 1867 thereby became Indian country. The allotments of lands within such reservations made to Indians pursuant to the allotment act are held in trust by the United States for a period of 25 years for the sole use and benefit of the respective allottees, and during that period cannot be alienated or encumbered by the allottees in any manner whatsoever; and while so held in trust they remain Indian country within the purview of the federal laws. U. S. v. Pelican, 232 U. S. 442, 34 S. Ct. 396, 58 L. ed. 676; U. S. v. Ramsey, 271 U. S. 467, 46 S. Ct. 559, 70 L. ed. 1039; Minnesota v. Hitchcock, 185 U. S. 373, 22 S. Ct. 650, 46 L. ed. 954.

The jurisdiction of the state extends over Indian country within its borders except as limited by Indian treaties or federal laws; but it has no jurisdiction therein over those persons or those matters which have been placed within the exclusive jurisdiction of the United States by the Indian treaties and the federal laws. Indians living on their reservations or on allotments held in trust for them by the United States under the allotment act are wards of the United States and are within the exclusive jurisdiction of the United States while on such reservation or allotment. U. S. v. Kagama, 118 U. S. 375, 6 S. Ct. 1109, 30 L. ed. 228; U. S. v. Ramsey, 271 U. S. 467, 46 S. Ct. 559, 70 L. ed. 1039; U. S. v. Rickert, 188 U. S. 432, 23 S. Ct. 478, 47 L. ed. 532; U. S. v. Celestine, 215 U. S. 278, 30 S. Ct. 93, 54 L. ed. 195; Hallowell v. U. S. 221 U. S. 317, 31 S. Ct. 587, 55 L. ed. 750; U. S. v. Nice, 241 U. S. 591, 36 S. Ct. 696, 60 L. ed. 1192; In re Blackbird (D. C.) 109 F. 139; Peters v. Malin (C. C.) 111 F. 244.

Defendant being a ward of the United States and subject only to the jurisdiction of the United States, at least when on his allotment, is not amenable to the laws of the state for acts committed upon such allotment but only to the laws of the United States. Cases previously cited; also State v. Campbell, 53 Minn. 354, 55 N. W. 553, 21 L. R. A. 169; Selkirk v. Stephens, 72 Minn. 335, 75 N. W. 386, 40 L. R. A. 759; State v. Cooney, 77 Minn 518, 80 N. W. 696. It may be noted that the Minnesota cases were decided prior to the federal decisions which authoritatively determined that lands set apart as an Indian reservation thereby became Indian country

within the meaning of the federal laws. Cohen v. Gould, 177 Minn. 398, 225 N. W. 435, involving the right of Indians to take furs upon their reservation in the state of Wisconsin, has no direct bearing upon the question here presented.

The question certified is answered in the negative; and the cause is remanded with directions to dismiss the prosecution and discharge the defendant for lack of jurisdiction over him.

HILTON, J.
I dissent.