# STATE v. ROBERT V. BROWN.

107 N. W. (2d) 47.

January 13, 1961—No. 38,040.

*John A. Cochrane,* for appellant.

*Louis P. Sheahan,* Corporation Counsel, and *Robert E. Faricy,* Assistant Corporation Counsel, for respondent.

LOEVINGER, JUSTICE.

Defendant appeals from a conviction of violating Minn. St. 617.56 by failure to support his wife.

Robert Brown met Mary in a saloon where they drank together for 3 or 4 hours. One week later they met again in the same place and after spending some time together decided to get married. The following day, September 4, they were married in Iowa. Returning to Minnesota, they spent 4 days together in Mary's apartment. They then discussed divorce or annulment, and Robert left. Some weeks later Mary called Robert, who went to her apartment. Apparently at this time, although the time is uncertain, Robert gave Mary some money. She states it was $20, and he states it was $40. On October 10, Mary charged Robert with violating § 617.56. He appeals from his conviction.

The testimony shows, in addition to the facts recited, that Mary Brown lives in an apartment in St. Paul; has a 14-month-old child; at some unspecified previous time, was receiving welfare assistance; and is unemployed. The relationship of her child's father to Mary

Brown is not stated in the evidence. Mary also testified that she was pregnant as the result of her brief encounter with Robert Brown.

Robert is a cab driver who subsequent to the period involved here earned gross wages of $105 to $108 a week. He was previously married for 12 years and has three children by that marriage. He is paying $25 a week pursuant to court order for the support of these children. He owns no property and has substantial debts.

Section 617.56, in so far as relevant here, makes it a misdemeanor for a husband willfully to fail to furnish proper food, shelter, clothing, or medical attendance to a wife in destitute circumstances.

The parties here are unquestionably married until such time as an annulment or divorce may be adjudicated, regardless of the circumstances of the marriage. There is no doubt that during this marriage defendant is legally obliged to furnish proper support to his wife in accordance with her needs and his abilities.

However, violation of the statute requires more than the failure to furnish food, shelter, clothing, or medical attendance to a wife. It requires also that the failure be willful and that the wife be destitute. Willfulness does not require malice or intent to harm the wife. It does require deliberate action or inaction. Destitution does not require that the wife be on the verge of actual starvation or harm by exposure or disease. It does require that there be economic need. It would be unwise to attempt to formulate a precise rule by which each such case may be determined; but the court must make some examination of the facts as to the relative economic situation of the parties in each case, and a conviction under this statute must be based upon some reasonable judgment as to intent in view of these facts.

In the instant case there is no evidence in the record as to the wife's economic circumstances or needs during the period from September 4 to October 10, 1959. She did testify that she had previously received welfare payments, but the time when that occurred is not stated. We may speculate or assume that she was not well off, but we may not thus establish the elements of a criminal offense.

The evidence is also inadequate to permit an inference of willfulness. During the period specified by the charge, defendant admittedly

recognized an obligation to his wife by giving her some money. Defendant's continued support of his children by a former marriage shows some sense of social responsibility and tends to negative an inference of willful failure to meet other, less urgent, obligations.

There is nothing in the conduct of the parties involved here to engender sympathy. The obvious victims of such irresponsible indulgence are likely to be children, and the primary concern of society and the law should be for the children involved in circumstances as unfortunate as those here. To the extent that defendant has used his money to support his known children he has shown a proper regard for his legal responsibilities, rather than a willful failure to meet them.

To sustain a conviction under this statute, as under any other defining a criminal offense, the evidence must establish the elements of the offense during the period involved in the charge beyond a reasonable doubt. Since the record here does not meet this standard as to the elements of willfulness and destitution, the conviction must be reversed.

Reversed.