## STATE v. GEORGE JACOBS.

111 N. W. (2d) 520.

October 27, 1961—No. 38,097.

*George Jacobs,* pro se, for relator.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

OTIS, JUSTICE.

The defendant, George Jacobs, is here seeking review of his conviction for driving a motor vehicle without the owner's permission, to which he pled guilty in the District Court of Beltrami County on September 21, 1959. Upon being sentenced to the state penitentiary according to law, he obtained from this court a writ of error pursuant to which his conviction is before us for consideration.

On September 8, 1959, the following information was filed against defendant:

"I, Herbert E. Olson County Attorney for said County hereby inform the Court that on or about the 24th day of August in the year A. D. 1959 at the City of Bemidji in the County of Beltrami and State of Minnesota George Jacobs did then and there wilfully, wrongfully and unlawfully and feloniously drive, operate, and use a motor vehicle, to-wit: a 1955 Chevrolet car with 1958 Minnesota License No. 9V 1259,

upon a public highway of the state, to-wit: on Sixth Street in said city, without the permission of the owner, to-wit: one H. Dean Lankford, and without the permission of any agent of said H. Dean Lankford in charge or control thereof * * * and all contrary to the form of the statute in such cases made and provided the same being M. S. A. 168.49, said acts constituting the crime of Unauthorized Operation of a Motor Vehicle and against the peace and dignity of the State of Minnesota.

"Dated at Bemidji, in the County of Beltrami, and State of Minnesota this 8th day of September A. D. 1959.

"/s/ Herbert E. Olson
County Attorney
for Beltrami County, Minnesota."

Defendant was arraigned, was assigned counsel to undertake his defense, and proceeded to trial. When the state rested, it had presented the following evidence. The complaining witness testified that on Monday night, August 24, 1959, at 10:30, his car was parked on 6th Street in the city of Bemidji in Beltrami County and that it was missing the next morning. He next saw it at the patrol station in Red Lake, which is located on an Indian reservation. The car was a blue and ivory 1955 Chevrolet Fordor. Other witnesses testified that on Tuesday, August 25, they saw the defendant operating a car of this description on the Red Lake reservation and that he told them he had bought it in Minneapolis for a downpayment of $200. On the 26th of August the police picked up the car and turned it over to the owner. There was no testimony that defendant had possession of the car any place in the county other than on the reservation.

When the state had rested counsel for defendant made the following motion:

"* * * I move the Court, your Honor, to dismiss on the grounds that the state has failed to prove as a matter of law that:

"1. The Langford vehicle was stolen;

"2. That it was stolen by this defendant, and when I say 'stolen', I am including the alleged unauthorized use, and

"3. Has wholly failed in its proof that the defendant wilfully, wrong-

fully and feloniously drove over a public highway of this state; I believe the information alleges to-wit: on 6th Street in the City of Bemidji."

The court denied the motion and took judicial notice of the fact that it is necessary to travel over a public road within Beltrami County to get from Bemidji to the Red Lake reservation. In addition, the court ruled that the evidence was sufficient to convict defendant in view of his having been found with property he was not authorized to use without offering an explanation for its being in his possession. The court found there was adequate corroboration. Thereupon the defendant asked leave to withdraw his plea of not guilty and to enter a plea of guilty. After the following colloquy between the court and the defendant, the motion was granted:

"THE COURT: Mr. Jacobs, you understand that your attorney has indicated after having heard the state's evidence you now wish to enter a plea of guilty, and you understand, do you, that if you do change your plea and a plea of guilty is entered in your behalf that you could be immediately sentenced to the penitentiary?

"DEFENDANT: Yes.

"THE COURT: You understand the seriousness of the occasion?

"DEFENDANT: Yes, sir.

"THE COURT: And you understand, do you not, that during this trial which we have had up to date and which includes all of the evidence that the state has yet introduced against you that you have been presumed to be innocent; you understand that?

"DEFENDANT: Yes, sir.

"THE COURT: And you understand that it would be necessary for the state to prove your guilt beyond a reasonable doubt if we continued with the trial?

"DEFENDANT: Yes.

"THE COURT: You understand that?

"DEFENDANT: Yes.

"THE COURT: And you have talked this over with your attorney?

"DEFENDANT: Yes.

"THE COURT: And you now want to change your plea?

"DEFENDANT: Yes."

As part of the presentence examination defendant disclosed that on the morning of this offense, August 24, 1959, he was released from prison after serving a sentence for a previous felony conviction. However, he was not charged under the Habitual Offender Act, which would have doubled the length of his term. Minn. St. 610.28. There was no admission by defendant that he was at any time using the car in Bemidji but he did testify at the presentence examination that he was driving in the area of Turtle River, which is in Beltrami County and not on the reservation:

"THE COURT: * * * he does recall driving this particular automobile in the vicinity of Turtle River; that is right, Mr. Jacobs?

"DEFENDANT: That is right."

The defendant assigns the following errors in support of his contention that he was denied due process of law and equal protection of the laws and that the court lacked jurisdiction to convict him:

(1) His plea of guilty was inconsistent with the evidence, which failed to prove he took the automobile.

(2) The possession of the car was not proof of an intent to steal it.

(3) Possession of the car on the reservation does not support a conviction which must be based on his taking the car in Bemidji.

(4) The court lacked jurisdiction over any offense committed on an Indian reservation.

(5) The plea of guilty is not sufficient to convict defendant without corroboration of other witnesses or an admission other than one involving a crime outside of the court's jurisdiction.

We hold that by his plea of guilty, after an adequate opportunity to confer with counsel and a painstaking explanation of his rights by the court, the defendant has waived his right to attack the sufficiency of the evidence to support his conviction. The information to which he pled guilty alleged that the offense occurred in Bemidji and he is deemed to have admitted that allegation by entering his plea. No objection is now available to defendant other than one which questions the sufficiency of the information to allege a public offense, and defendant does not challenge its validity in this respect. State ex rel. Welper v.

Rigg, 254 Minn. 10, 16, 93 N. W. (2d) 198, 203; State ex rel. Savage v. Rigg, 250 Minn. 370, 375, 84 N. W. (2d) 640, 645.

The defendant cites State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723, as authority for setting aside his plea of guilty. There we held a plea of guilty was improvidently entered under circumstances which should have prompted the trial court to find defendant denied he had the intent necessary to commit the offense. However, that case turned on our finding that the defendant had inadequate and perfunctory advice from his attorney which violated his constitutional rights to counsel. In contrast, counsel in the case at bar has vigorously asserted defendant's rights at every stage of the proceedings, carefully protected the record for review, and succeeded in securing a sentence which avoided the serious consequences of the Habitual Offender Act.

Defendant calls to our attention Impson v. State, 47 Ariz. 573, 58 P. (2d) 523. There the court held in a larceny case it was error to instruct the jury that defendant was guilty if he took a truck intending to convert it to his own use without also charging them that they must in addition find the defendant intended permanently to deprive the owner of his property. Suffice it to say that apart from what we have here noted with respect to defendant's plea of guilty, the case at bar involves only *unauthorized use* and does not require proof of intent to steal.

Although the law is well settled in this state that the unexplained possession of stolen property will support a conviction for larceny, State v. Jatal, 152 Minn. 262, 188 N. W. 284; State v. Anderson, 155 Minn. 132, 192 N. W. 934, in view of what we have already stated we need not decide whether such possession also gives rise to an inference with respect to where the property was located when it was taken.

Nor is it necessary to discuss the court's jurisdiction, or lack of it, over offenses committed on the Red Lake reservation. 18 USCA, §§ 1153 and 1162; State v. Campbell, 53 Minn. 354, 55 N. W. 553, 21 L.R.A. 169; State v. Cloud, 179 Minn. 180, 228 N. W. 611; State v. Jackson, 218 Minn. 429, 16 N. W. (2d) 752; State ex rel. DuFault v.

Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A.L.R. 1316; 39 Minn. L. Rev. 853, 867.

As to defendant's final assignment of error, it is enough to say that the defendant's admissions at the presentence examination satisfy us that the offense in fact occurred within the court's undisputed jurisdiction. Since there was a plea of guilty while defendant was adequately represented by counsel, no corroboration of the facts constituting the offense is required.

Affirmed.