## STATE v. ARTHUR PORTER.

143 N. W. (2d) 822.

June 24, 1966—No. 39,742.

*Thomas A. Clure,* for appellant.

*Robert W. Mattson,* Attorney General, *John C. Arko,* County Attorney, and *Robert C. Brown,* Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of conviction.

Defendant was charged by information with the theft of $112 in violation of Minn. St. 609.52, subd. 2. He entered a plea of guilty and was sentenced according to law.

Defendant's claim now is that the district court erred in accepting the plea of guilty in view of the fact that he had once stated that the amount stolen was $85 and not $112.[1] The record shows that defendant appeared in district court for arraignment on March 24, 1964. A plea of not guilty was entered on his behalf, and counsel was appointed to represent defendant as an indigent.

One week later defendant again appeared before the court, this time with counsel. Speaking for himself, he requested that the court accept a plea of guilty although, he asserted, "[i]t was really not one hundred and

---

[1] Under Minn. St. 609.52, subd. 3, this theft would be a. misdemeanor if the value of the property taken was less than $100, but a felony. if more than $100.

twelve dollars; it was eighty-five dollars." The attorney who had been appointed to represent defendant advised the court that he had advised his client to plead not guilty to the charge, stating:

"* * * I advised him of the fact that he was charged with a felony and that I believed that the evidence which the state has at this time is insufficient to find him guilty of a felony as charged, * * *."

After further discussion between court and counsel the court announced, in the presence of the defendant:

"For the record, the county attorney is not willing to accept a plea of guilty on the taking of eighty-five dollars, so the Court is not accepting his plea to that. We won't accept his plea to taking one hundred and twelve dollars, because he said he didn't do it, so we'll have a trial on the issues."

Although the decision of the trial judge rejecting the proposed plea of guilty was clearly right on the record as it then appeared, there were further proceedings on April 14, 1964, (2 weeks later) when the defendant appeared again in district court and the following exchange occurred with respect to the plea:

"THE COURT: Now, the amount of money taken is what we call a material factor of the crime charged. That is, if more than a certain amount of money is taken, it's one degree of the crime; if less than $100.00 is taken, it becomes a lesser degree, I think a misdemeanor, does it not, Mr. Stege?

"MR. STEGE: Yes, your Honor.

  *   *   *   *   *

"THE COURT: * * * [I]f you dispute in this Court whether you took the money or whether you took the amount in excess of a hundred dollars, this Court could not accept a plea of guilty from you, because you would be contradicting yourself before us. You would say, 'I didn't take it, but I would plead guilty.' This we can't take from you. And this is for your protection, lest under feelings of pressure of the moment, you might wish to enter a plea of guilty to get the thing over. * * *

  *   *   *   *   *

"THE DEFENDANT: I want to plead guilty to the $112.00.

"THE COURT: Do you dispute that—

"THE DEFENDANT: I don't have no disputes, your Honor, none at all. I have no dispute. I am pleading guilty to $112.00, your Honor. I have no dispute.

"THE COURT: You do not contest this?

"THE DEFENDANT: I do not contest this.

"THE COURT: In this court today, you do not say you took less?

"THE DEFENDANT: No, I am pleading guilty to taking $112.00."

Defendant next appeared before the court on May 15, 1964, for sentencing. Given an opportunity to make a statement, he made none, and was sentenced without any discussion of his prior claim as to the value of the property stolen.

We have here one more illustration of the difficulties which occur when a plea of guilty is accepted where there is the slightest reservation by the defendant in acknowledging the facts to be as they must have been to support a finding of guilt.[2]

We affirm the determination of the trial court in this case only because the record shows that the defendant was fully advised of the effect of his plea by the court and by competent counsel and of his right to have the question of the amount taken submitted to a jury for its determination. After ample opportunity for deliberation, defendant repeated his request that a plea of guilty be accepted. Only after the sentence was imposed did he reassert his original claim that the amount was less than that

[2] See, State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723; State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153; State ex rel. Smith v. Tahash, 272 Minn. 168, 136 N. W. (2d) 617; State ex rel. Grattan v. Tahash, 262 Minn. 18, 113 N. W. (2d) 342; State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489; State v. Jones, 234 Minn. 438, 48 N. W. (2d) 662. Compare State v. Harding, 260 Minn. 464, 110 N. W. (2d) 463; State ex rel. Norgaard v. Tahash, 261 Minn. 106, 110 N. W. (2d) 867; State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79; State ex rel. O'Neill v. Rigg, 256 Minn. 293, 98 N. W. (2d) 142; State v. Jacobs, 261 Minn. 194, 111 N. W. (2d) 520; State v. Ingram, 273 Minn. 356, 141 N. W. (2d) 802. Note also, People v. Serrano, 15 N. Y. (2d) 304, 258 N. Y. S. (2d) 386, 206 N. E. (2d) 330; Harshman v. State, 232 Ind. 618, 115 N. E. (2d) 501.

specified in the information. We have concluded that the acceptance of this plea of guilty was within the authority of the trial judge.

Affirmed.