STATE EX REL. GERALD GEISELHART
v. RALPH H. TAHASH.

144 N. W. (2d) 354.

July 22, 1966—No. 40,139.

*Carl W. Cummins, Jr.,* and *Richard T. McHaffie,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Linus J. Hammond,* Assistant Attorney General, for respondent, warden of State Prison.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order denying defendant's petition for a writ of habeas corpus.

Defendant was married on December 9, 1951. Three children were born as a result of this marriage. In 1955, while he was serving a sentence in the state reformatory at St. Cloud, his wife obtained a divorce from him in which the care, custody, and control of the three minor children were awarded to her. Defendant was required to pay the sum of $60 per month for the care, support, and education of the minor children. Between the date of the divorce and January 1958 defendant paid various amounts totaling approximately $1,000, but less than he was required to pay by the divorce decree. The defendant was remarried during May 1956. Between 1955 and 1958 he worked at a variety of jobs, including farming and interior decorating, in Minnesota and Oregon.

In February 1958 defendant was arrested on a charge of willfully, wrongfully, unlawfully, and feloniously deserting and failing to care for and support his children, with intent to wholly abandon them and avoid legal responsibility for their care and support. He was brought before the justice of the peace and waived preliminary hearing. On March 11, 1958, he appeared in district court for arraignment. He was then represented by an attorney who had apparently been retained by his foster mother. While the record is unclear, it appears that defendant conferred with his attorney, and upon being questioned by the trial court, stated that his attorney had explained to him his rights and the possible consequences of pleading guilty and that he had had an opportunity of discussing the charge with his attorney. Thereupon he entered a plea of guilty to the information. As a consequence of two prior felony convictions he was sentenced to a term not exceeding 10 years. The sentence was suspended and he was placed on probation by the trial court in spite of his former felony convictions. On September 18, 1959, probation was revoked and he was committed to the State Prison at Stillwater. On July 12, 1962, he was released on parole, but on July 23, 1963, the parole was revoked for violation thereof, and since that time he has remained in prison.

This is defendant's fifth petition for a writ of habeas corpus. The first four were pro se petitions denied by the trial court of Washington County, from which denials no appeal was taken. Defendant also has presented a petition for a mandatory injunction to compel authorities to deliver to him a copy of a violation report which resulted in the revocation of his parole on July 23, 1963. This also was denied and no appeal has been taken therefrom.

In the petition now before us counsel was appointed to represent defendant. He makes the following contentions: (1) That the statute under which defendant was charged, Minn. St. 1961, § 617.55, is unconstitutional because intent, which is an essential element of the crime, is to be presumed after a desertion of 3 months; (2) that he was denied due process of law because he was not afforded counsel prior to a preliminary examination or his waiver thereof; and (3) that there was a de-

nial of due process by failure to accord to him ;a right of allocution prior to the imposition of sentence.

While there should be an end to repetitive petitions for writs of habeas corpus, we consider the present case on its merits for the reason that in the first four petitions defendant appeared pro se. He has now had the assistance of competent counsel who has presented his appeal on this petition.

■ We have consistently held that in a criminal case an essential element of the crime may not be presumed from the establishment of other facts so as to cast on the defendant the burden of proving his innocence. Section 617.55,[1] so far as material, reads:

"Every parent, including the duly adjudged father of an illegitimate child and a parent who in an action for divorce or separate maintenance * * * has been judicially deprived of the actual custody of such child, or other person having legal responsibility for the care or support of a child who is under the age of 16 years and unable to support himself by lawful employment, who fails to care for and support such child with intent to abandon and avoid such legal responsibility for the care and support of such child * * * is guilty of a felony; * * *. *Desertion of and failure to support a child* or pregnant wife *for a period of three months shall be presumptive evidence of intention to abandon or to avoid legal responsibility for the care and support of the child.*" (Italics supplied.)

In State v. Higgin, 257 Minn. 46, 52, 99 N. W. (2d) 902, 907, which involved a conviction for forgery, we said with respect to the presumption of intent to defraud in uttering a forged instrument:

"* * * [W]here specific intent is an essential element of the offense charged, it can never be presumed, at least in the sense that it *must* be found from a given state of facts in the absence of countervailing or rebutting evidence. Like every other essential element of the crime, specific intent must be established beyond reasonable doubt or be reasonably deducible from the evidence. It may not rest on a presumption."

---

[1] Now superseded by Minn. St. 609.375.

In State v. Townsend, 259 Minn. 522, 529, 108 N. W. (2d) 608, 613, we considered the same statutory provision now before us and said with respect to the presumption of intent:

"* * * The only effect of such a presumption is to shift the burden of proof and the state cannot shift to one accused of a crime the burden of proving his innocence. * * *

"* * * Clearly, when desertion or abandonment are involved it is essential that the intent exist at the time when it is claimed the offense occurred. * * *

"Clearly, where the charge is desertion or abandonment under § 617.55, intent to commit the offense must be proved to sustain the conviction."

The question was again reviewed in State v. Edwards, 269 Minn. 343, 130 N. W. (2d) 623, involving the presumption of intent to use burglary tools from the mere fact of their possession. See, also, State v. Keaton, 258 Minn. 359, 104 N. W. (2d) 650, 86 A. L. R. (2d) 649; State v. Brown, 259 Minn. 284, 107 N. W. (2d) 47.

These cases, however, involved trials in which a jury was instructed that an essential element of the crime could be presumed from other facts proved. The present case involves a plea of guilty and the information expressly alleges intent. So far as material, the information reads:

"I, Arthur T. Edman, County Attorney for said County, hereby inform the Court that on the 3rd day of January in the year 1958, at said County Gerald Geiselhart then and there being the father of Ronald Geiselhart, LeeVae Geiselhart and Gene Geiselhart and having the legal responsibility for the care and support of said minor children under the age of 16 years, to-wit: of the ages of 6, 5, and 3 respectively, and who in an action for divorce has been judicially deprived of actual custody of said children, and said children being unable to support themselves by lawful employment, did wilfully, wrongfully, unlawfully and feloniously desert and fail to care for and support his children *with intent then and there had and entertained by him,* the said Gerald Geiselhart, *to wholly abandon and avoid legal responsibility for the care and support of his children,* and the said Gerald Geiselhart has ever since con-

tinued to so desert and abandon and avoid legal responsibility for the care and support of his said children, contrary to the form of the statute in such case made and provided * * *." (Italics supplied.)

■ Ordinarily a plea of guilty by a defendant represented by competent counsel, who has advised defendant of his right to stand trial and to require the state to prove all essential elements of a crime beyond reasonable doubt, admits all of the facts well pleaded in the information. State v. Jacobs, 261 Minn. 194, 111 N. W. (2d) 520; State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517; State ex rel. Grest v. Tahash, 261 Minn. 282, 112 N. W. (2d) 54; State v. Cage, 264 Minn. 196, 117 N. W. (2d) 919; State v. Roy, 266 Minn. 6, 122 N. W. (2d) 615.

That is the situation we have here. Intent to abandon was expressly pleaded in the information. It was admitted by defendant's plea of guilty. Before accepting the plea of guilty, the court ascertained that defendant had conferred with his counsel and knew what he was doing when he entered his plea.

■ The claim that § 617.55 is unconstitutional because it contains the provision under which intent to abandon is presumed from a 3 months' absence is untenable. We have held in the cases enumerated above that the presumption is invalid but that it does not render the statute unconstitutional.

■ Defendant next contends that he was denied due process because he was not represented by counsel when brought before the committing magistrate. It does not appear from the record that he requested counsel or that he was unable to procure his own counsel at that time. Apparently he did retain his own counsel at the time of the arraignment. In any event, we adhere to the rule that there is no violation of due process in the absence of prejudice. State v. Bosnich, 273 Minn. 553, 142 N. W. (2d) 63; State ex rel. Anderson v. Tahash, 273 Minn. 499, 142 N. W. (2d) 94; State ex rel. Ogg v. Tahash, 273 Minn. 187, 140 N. W. (2d) 692.

In State ex rel. Ballinger v. Tahash, 273 Minn. 177, 140 N. W. (2d) 53, the issues were very similar to those now before us. We there quoted from State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 126 N. W. (2d) 646, where it was pointed out that counsel was appointed immediately

after it was determined that he was indigent and before arraignment had been completed or had reached the stage where it could be regarded as reasonably likely that any available defenses might have been waived or irretrievably lost. Under our procedure waiver of a preliminary examination does not deprive defendant of a right to raise any defense he may have had upon arraignment. No showing of any kind has been made that defendant was prejudiced by lack of legal counsel or waiver of preliminary examination. He was represented by counsel at all times when it was material that he have such representation. In view of his plea of guilty it is difficult to see how his waiver of a preliminary examination could have in any way resulted in prejudice to him. There is nothing to indicate that he would have entered a different plea had he been represented by counsel prior to his being bound over to the district court.

■ On the denial of his right to allocution, all we need say is that while the court did not ask defendant in so many words whether he had anything to say before sentence was pronounced, quite an extended examination of him was made by the court before imposition of sentence, and it was apparent he had every opportunity to say what he wished in his own behalf. As a matter of fact, sentence was suspended and he was placed on probation. It is difficult to see how the court could have treated him more leniently no matter what he said in his own behalf, especially in view of his prior felony convictions. This is amply evident from the order of the court imposing the sentence, where he said, among other things:

"IT IS FURTHER ORDERED, on account of circumstances and conditions, brought to the attention of the Court, deemed in a measure mitigating and extenuating, particularly because you have a job waiting for you in Portland, Oregon, which will enable you to make the payments ordered by the Court for the support of the minor children of your first marriage, that said sentence be, and hereby is, suspended * * *."

The fact that his probation was subsequently revoked was due to the fault of no one but himself and had nothing to do with the imposition of the sentence.

Affirmed.