GEORGE ALVIN SEVERSON II v. STATE.

188 N. W. (2d) 414.

June 11, 1971—No. 42258.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Rosalie Wahl, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., and David G. Roston, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

PER CURIAM.

Appeal from an order of the district court denying a petition for postconviction relief.

In January 1959, petitioner was charged by information with the offense of robbery in the first degree. He was found guilty and sentenced to the State Prison at Stillwater. His motion to vacate or modify the sentence was denied November 23, 1966. After his petition for postconviction relief was denied September 23, 1969, this appeal followed. The burden of his claim is that he was denied the benefit of adequate counsel in proceedings preliminary to trial. He contends that he was improperly induced by appointed counsel to waive a preliminary hearing. If such a hearing had been held, he contends, the prosecution would not have been able to sustain the minimal burden of proof required thereat and the action against him would have been dismissed.

After hearing the evidence at the postconviction proceedings, the trial court found:

"The sole evidence presented by Petitioner at said Post Conviction Hearing was his own testimony in support of his allegations in Paragraph 3 of his affidavit, that he '* * * was advised to waive his right to a preliminary hearing by the same attorney who represented his alleged accomplice in the crime charged, Robert McDonald.' In his testimony, Petitioner asserted that he was unable to name the attorney

who, allegedly, summarily advised him to waive a preliminary hearing. Petitioner merely described the lawyer as young, nice-looking, about six feet tall, and having short brown curly hair. Petitioner offered no evidence that he was in any way prejudiced by this alleged advice to waive a preliminary hearing."

The trial court observed that since his sentence petitioner had been released on parole but was arrested on another robbery charge, to which he entered a plea of guilty before another judge, and was sentenced to 10 years, to run concurrently with the balance remaining on the sentence originally imposed. The trial court said:

"I do not agree that if there had been a preliminary hearing there would have been no trial or conviction of defendant. Nor do I agree that the statutory right to a preliminary hearing is a basic constitutional right that cannot be waived."

Beck v. Washington, 369 U. S. 541, 82 S. Ct. 955, 8 L. ed. (2d) 98; State v. Linehan, 276 Minn. 349, 150 N. W. (2d) 203; State v. Strickland, 27 Wis. (2d) 623, 135 N. W. (2d) 295; State v. Miranda, 104 Ariz. 174, 450 P. (2d) 364; Barrett v. United States (8 Cir.) 270 F. (2d) 772.

In light of the fact that petitioner was effectively represented by counsel at all stages of the district court proceedings against him and the apparent fact of his admission of guilt at sentencing, the court properly denied request for postconviction relief. As this court said in State ex rel. Geiselhart v. Tahash, 274 Minn. 464, 470, 144 N. W. (2d) 354, 358:

"* * * Under our procedure waiver of a preliminary examination does not deprive defendant of a right to raise any defense he may have had upon arraignment. No showing of any kind has been made that defendant was prejudiced by lack of legal counsel or waiver of preliminary examination. He was represented by counsel at all times when it was material that he have such representation. In view of his plea of guilty it is difficult to see how his waiver of a preliminary examination could have in any way resulted in prejudice to him."

Affirmed.